247 So.2d 733 (1971)
SHEARSON, HAMMILL & CO., Inc., and Alfred Cinque, Petitioner,
v.
George VOUIS, Respondent (Two Cases).
Nos. 70-1194, 70-1203.
District Court of Appeal of Florida, Third District.
April 20, 1971.
Rehearing Denied June 4, 1971.
*734 Shutts & Bowen and Robert A. Jarvis, Miami, for petitioner-appellant.
Joel Hirschhorn, Miami, and Joseph Paglino, No. Miami Beach, for respondent-appellee.
Before BARKDULL, HENDRY and SWANN, JJ.
PER CURIAM.
Shearson, Hammill & Co., Inc. and Alfred Cinque, the defendants below, seek review of an order of the circuit court denying their motion to stay pending court proceedings and to compel arbitration. The issues have been presented to this court by an interlocutory appeal and by a petition for a writ of certiorari. Both proceedings were consolidated for appellate review. Having found that an interlocutory appeal is not available to review the lower court order in a common law action, we dismiss the interlocutory appeal. Noble v. McNeal, Fla. App. 1965, 179 So.2d 126; Flagler Federal Savings and Loan Association of Miami v. Whiting, Fla.App. 1963, 148 So.2d 555. However, all the matters sought to be reviewed in both proceedings will be considered upon the petition for certiorari.
Respondent George Vouis filed a complaint on June 26, 1970, against the defendants, alleging misrepresentation, fraud, and breach of fiduciary duties relating to the value of certain stock and margin call requirements for the purchase on March 30, 1970, of certain securities on his margin account with defendants. Defendants admitted that plaintiff, their customer, purchased those securities on margin. In addition to denying all allegations as to misrepresentation, fraud, and breach of fiduciary duties, they raised an affirmative defense concerning arbitration. Plaintiff only admits signing the printed "Customer's Margin Agreement" dated September 24, 1969, which contains the following paragraph:
"10. This agreement shall inure to the benefit of your successors and assigns, shall be binding on the undersigned, his heirs, executors, administrators and assigns, and shall be governed by the laws of the State of New York. Any controversy arising out of or relating to my account, to transactions with you for me or to this agreement or the breach thereof, shall be settled by arbitration in accordance with the rules, then in effect, of the American Arbitration Association or the Board of Governors of the New York Stock Exchange as I may elect. If I do not make such election by registered mail addressed to you at your main office within 5 days after demand by you that I make such election, then you may make such election. Judgment upon any award rendered by the arbitrators may be entered in any court having jurisdiction thereof."
Plaintiff also admits making a written demand dated July 14, 1970, that the instant controversy be submitted to arbitration befor the American Arbitration Association, in Miami, Florida, "* * * but without prejudice to the Plaintiff's [Vouis'] right to proceed with his action in Circuit Court * * *" which Vouis instituted by filing a complaint on July 26, 1970. Vouis' demand for arbitration was made in reply to a letter sent by Shearson that in the event Vouis defaulted in the exercise of his rights under the arbitration provision, Shearson would exercise its rights and demand arbitration.
*735 Shearson and Cinque have presented the following contentions: the circuit court departed from essential requirements of law by refusing to stay the court proceedings and refusing to compel arbitration under the parties' contract. They also contend that under the contract New York law governs and requires enforcement of the arbitration provision; but, if Florida law applied, the same result should be reached under the Florida Arbitration Code, Ch. 682, Fla. Stat., F.S.A.
Vouis argues that: A defrauded party can sue in tort for fraud arising from a contractual relationship under the Florida Securities Law, Ch. 517, esp. § 517.22, Fla. Stat., F.S.A.[1]
We are faced with a narrow question of first impression in Florida and of some significance where the record has not fully developed the facts or issues due to the early stage at which review was sought. The question presented is: Whether the circuit court departed from the essential requirements of law by refusing to stay the court proceedings in a common law action sounding in tort, where there was a written agreement to arbitrate.
At this stage of the proceedings, we express the view that the circuit court did not depart from the essential requirements of the law in refusing to stay the court proceedings sounding in tort for alleged fraud, misrepresentation, and breach of fiduciary duties to allow the parties to arbitrate pursuant to a printed margin agreement provision which required arbitration of disputes arising out of the margin purchase relationship.
We base our decision upon the proposition that arbitration of the issues of alleged fraud, misrepresentation, and breach of fiduciary duties is not consistent with the policy and language of the Florida Securities Law, which will control over provisions of the Florida Arbitration Code.[2] We also base our decision upon the proposition that agreements to arbitrate controversies in the future cannot and should not oust the courts of the jurisdiction conferred upon them by organic law.
As to the first ground of our decision, the case of Wilko v. Swan (1953), 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168, is conclusive, and we adopt the reasoning therein. The cases and theory upon which petitioner relies were distinguished in Wilko v. Swan, 107 F. Supp. 75, 79 (S.D.N.Y., 1952), affirmed 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168.
As to the second basis for our decision, the case of Cruger v. Allstate Insurance Company, Fla.App. 1964, 162 So.2d 690, 691, 692, is determinative. This court refused to oust the circuit court, in an equity matter, of its general jurisdiction by allowing arbitration, notwithstanding a statutory provision which attempted to create an exception to the well-settled doctrine that an agreement to arbitrate a dispute in the future will not be enforced as an attempt to oust the court's jurisdiction.
For the reasons stated the order appealed will not be disturbed.
Certiorari denied.
NOTES
[1] "517.22 Statutory or common law remedies  Nothing in this chapter shall limit any statutory or common law right of any person to bring any action in any court for any act involved in the sale of securities, or the right of the state to punish any person for any violation of any law."

This section has not yet been judicially construed. H. Sowards, "Florida Securities Regulation, 1966," 20 U.Mi.L.Rev. 546, 557 at note 37; W.H. Robinton and H. Sowards, "The Florida Securities Act: A Re-Examination," 12 U.Mi. L.Rev., 1, 9 at note 31; cf. T.R. Spencer and G. Bobroff, "Opening a Pandora's Box  Disclosure Under the Florida Securities Act," 23 U.Mi.L.Rev. 593, 601 at note 60.
[2] We expressly decline to pass upon the constitutionality of the Florida Arbitration Code.