280 So.2d 456 (1973)
James E. KNIGHT, Petitioner,
v.
H.S. EQUITIES, INC., and John Boozer, Respondents.
No. 72-670.
District Court of Appeal of Florida, Fourth District.
June 20, 1973.
Rehearing Denied July 11, 1973.
*457 Steven Fine, Fort Lauderdale, for petitioner.
Stanley Arthur Beiley, of Paul, Landy, Beiley & Bartel, Miami, for respondent-Equities.
MAGER, Judge.
The petitioner, James E. Knight, plaintiff below, seeks to review by certiorari an order of the trial court granting the motion of respondent, defendant below, to compel arbitration. In essence, the question presented is whether the trial court departed from the essential requirements of law by compelling the parties to arbitrate in accordance with a provision in a written agreement between the parties.
The controversy giving rise to the order under review commenced when petitioner filed a complaint for damages against the respondents. Petitioner alleged that he was a resident of the State of Florida and a customer of the respondent, a foreign corporation in the stock brokerage business in the State of Florida. Petitioner contends that an agent for the respondent made certain unauthorized purchases and sales of stock on behalf of the petitioner resulting in an alleged loss to petitioner in the amount of some $85,000.00. In response to the complaint respondent filed a notion to compel arbitration asserting that in accordance with a "customer's agreement", which was executed by and between the parties, "all controversies arising out of or relating to said agreement" were required to be arbitrated. The arbitration provision in question provides:
"16. Any controversy between you and the undersigned arising out of or relating to this contract or the breach thereof, shall be settled by arbitration, in accordance with the rules, then obtaining, of either the Arbitration Committee of the Chamber of Commerce of the State of New York, or the American Arbitration Association, or the Board of Arbitration of the New York Stock Exchange, as the undersigned may elect. If the undersigned does not make such election by registered mail addressed to you at your main office within five (5) days after receipt of notification from you requesting such election, then the undersigned authorizes you to make such election in behalf of the undersigned. Any arbitration hereunder shall be before at least three arbitrators and the award of the arbitrators, or of a majority of them, shall be final, and judgment upon the award rendered may be entered in any court, state or federal, having jurisdiction.

*458 "17. This agreement and its enforcement shall be governed by the laws of the State of New York and its provisions shall be continuous, shall cover individually and collectively all accounts which the undersigned may open or reopen with you, and shall enure to the benefit of your present organization, and any successor organization, irrespective of any change or changes at any time in the personnel thereof, for any cause whatsoever, and of the assigns of your present organization or any successor organization, and shall be binding upon the undersigned, and/or the estate, executors, administrators and assigns of the undersigned." (Emphasis added.)
It is the basic contention of petitioner that the agreement to arbitrate is not binding since it is an attempt to oust the court's jurisdiction over security transactions, citing in support Shearson, Hammill & Co. v. Vouis, Fla.App. 1971, 247 So.2d 733, cert. den. 253 So.2d 444 (Fla. 1971). The respondent takes the position that the agreement to arbitrate being valid under New York law is enforceable and not in conflict with the decision in Shearson, supra.
The theories advanced by the respective parties in support of their contentions are not in our view relevant to the disposition of the issue before this court. In the first place the decision in Shearson, supra, is distinguishable and, secondly, the fact that the New York courts have upheld agreements to arbitrate while informative is nonetheless immaterial as hereinafter discussed.
At the outset it is well to observe that prior to the adoption of the Florida Arbitration Code, agreements to arbitrate were generally held to be unenforceable. In Frank J. Rooney, Inc. v. Charles W. Ackerman of Fla., Fla.App. 1969, 219 So.2d 110, 113, it is stated:
"... it is remembered that, traditionally, agreements arbitrate have been strictly construed because they have the effect of ousting a court of competent jurisdiction of the authority to determine a question initially which will arise in the future. Flaherty v. Metal Products Corp., Fla. 1955, 83 So.2d 9; Fenster v. Makovsky, Fla. 1953, 67 So.2d 427. It has only been since the adoption of Ch. 682 Fla. Stat. (1967), F.S.A. that these agreements have been recognized as valid in the state of Florida." (Emphasis added.)
See also Pacific Mills v. Hillman Garment, Fla. 1956, 87 So.2d 599; Glens Falls Ins. Co. v. Gulf Breeze Cottages, Fla. 1949, 38 So.2d 828; Vol. 6 U. of Fla.L.Rev. pp. 157-193.
In Shearson, supra, the Third District concluded that the Circuit Court did not depart from the essential requirements of law by refusing to stay court proceedings and refusing to compel arbitration under the parties' contract. In so holding the court concluded:
"We base our decision upon the proposition that arbitration of the issues of alleged fraud, misrepresentation, and breach of fiduciary duties is not consistent with the policy and language of the Florida Securities Law, which will control over provisions of the Florida Arbitration Code. We also base our decision upon the proposition that agreements to arbitrate controversies in the future cannot and should not oust the courts of jurisdiction conferred upon them by organic law." (247 So.2d 733, 735.)
A review of petitioner's complaint fails to allege any allegation of fraud arising from a contractual relationship under the Florida Securities Law. The complaint merely seeks damages for "these and other unauthorized stocks purchased in plaintiff's name". Reliance on Shearson is therefore misplaced. Cf. Mills v. Gottfried, Fla. App. 1973, 272 So.2d 837.[1]
*459 The question as to whether a Florida court can specifically enforce an agreement to arbitrate must be made dependent upon the language in the agreement when measured against the provisions of the Florida Arbitration Code. Unless an agreement to arbitrate complies with the provisions of Chapter 682, it is our opinion that these agreements are not specifically enforceable in a judicial proceeding in this State. (Rooney v. Ackerman, supra.)
It is recognized that agreements to arbitrate disputes are generally looked upon with approval by the courts and every reasonable presumption will be indulged to uphold arbitration proceedings which have resulted in an award. However, the jurisdiction of the courts cannot be invoked to specifically enforce or compel arbitration unless an agreement to arbitrate complies with the Florida Arbitration Code. This conclusion is reinforced by the judicial decisions heretofore cited and the language contained in Sections 682.02 and 682.18(1), set forth as follows:
"682.02 Arbitration agreements made valid, irrevocable and enforceable; scope.  Two or more parties may agree in writing to submit to arbitration any controversy existing between them at the time of the agreement, or they may include in a written contract a provision for the settlement by arbitration of any controversy thereafter arising between them relating to such contract or the failure or refusal to perform the whole or any part thereof. Such agreement or provision shall be valid, enforceable and irrevocable without regard to the justifiable character of the controversy; provided that this act shall not apply to any such agreement or provision to arbitrate in which it is stipulated that this law shall not apply or to any arbitration or award thereunder." (Emphasis added.)
* * * * * *
"682.18 Court, jurisdiction. 
(1) The term `court' means any court of competent jurisdiction of this state. The making of an agreement or provision for arbitration subject to this law and providing for arbitration in this state shall, whether made within or without this state, confer jurisdiction on the court to enforce the agreement or provision under this law, to enter judgment on an award duly rendered in an arbitration thereunder and to vacate, modify or correct an award rendered thereunder for such cause and in the manner provided in this law." (Emphasis added.)
As was heretofore noted, the customer's agreement contained a specific stipulation that the laws of the State of New York shall govern the enforcement of the agreement. Such a proviso, we feel, falls within the emphasized language appearing in Section 682.02, supra, rendering arbitration provisions unenforceable in Florida. Where it is stipulated that an agreement to arbitrate and its enforcement are governed by the laws of another state, such agreement does not comply with Chapter 682 and is not specifically enforceable in this state.[2]
Accordingly, the provision for arbitration, as set forth in the customer's agreement, is unenforceable; certiorari is hereby granted and the order compelling arbitration and staying further proceedings is quashed.
REED, C.J., and WALDEN, J., concur.
NOTES
[1] See also Klosters Rederi A/S v. Arison Shipping Company, Fla., 280 So.2d 678, opinion filed May 30, 1973.
[2] There is a serious question as to whether the court can compel a resident of this state to go into a jurisdiction of another state for the purpose of arbitration. In 12 ALR3d, Arbitration Agreement  Jurisdiction, at p. 903, it is pointed out: "Although there is some authority for the view that a court has the power to enforce an agreement to arbitrate in a jurisdiction other than the forum by compelling a resident of the forum to go into the other jurisdiction to arbitrate, the majority of the courts faced with this matter have held otherwise... ."