## YOUNG v. E. F. HUTTON & CO.

No. 78-1920-CA(L)01-B.

Circuit Court, Palm Beach County.

August 23, 1978.

Robert M. Montgomery, Jr. and F. Gregory Barnhart, both of West Palm Beach, for the plaintiff.

Edward A. Kaufman, Miami, for the defendant.

DANIEL T. K. HURLEY, Circuit Judge.

A hearing was held in this case on August 9, 1978 for the purpose of considering the defendant's petition to compel arbitration and stay proceedings. Robert G. Montgomery, Esq. and F. Gregory Barnhart, Esq. appeared for the plaintiff; Edward A. Kaufman, Esq. appeared for the defendant.

It seems that the plaintiff, Mr. Young, while in the process of securing employment with E. F. Hutton and Company, Inc., entered into an agreement with the New York Stock Exchange which, inter alia, contained the following language —

> ". . . I submit myself to the jurisdiction of such Exchange . . .
>
> I agree that any controversy between me and any member or member organization or affiliate or subsidiary thereof arising out of my employment or the termination of my employement shall be settled by arbitration at the instance of such party *in accordance with the arbitration procedures prescribed in the constitution and rules then obtaining of the New York Stock Exchange, Inc."* (Italics added.)

The two-sided question presented in this case is whether the preceding provision is a valid and enforceable arbitration clause or whether the italicized language constitutes a stipulation between the parties that the Florida Arbitration Code should not apply, thus rendering the entire agreement voidable at the instance of either party. For the reasons set forth below, I conclude that it is the latter.

Today, agreements to arbitrate are generally looked upon with approval and are deemed enforceable as long as such agreements do not contain a stipulation that the Florida Arbitration Law shall not apply. See §682.02, Fla. Stat. "Absent the statutory authority of Chapter 682 to enforce the arbitration provision, the

controlling law of this state clearly makes an arbitration provision voidable at the instance of either party and prohibits its being used as a bar to an action by either party in a court of competent jurisdiction." *Demora v. Stresscon International, Inc.,* 324 So.2d 80, 82 (Fla. 1975).

*Demora,* supra, contained a provision which is strikingly similar to the one here. However, it was not pivotal to the court's decision because of the more conspicious infirmity contained in the requirement that the arbitration take place in New York. The court found the mere inference that New York law would apply was sufficient from which to deduce the existence of a stipulation that §682 would not apply and consequently that the entire clause was voidable. In the same vein, the Fourth District Court of Appeal held that an express requirement that New York law apply, even though it would be applied in the state of Florida, also would render an arbitration provision voidable. *Knight v. H. S. Equities, Inc.,* 280 So.2d 456 (Fla. 4th DCA 1973).

The question then is whether there is an appreciable distinction between a provision to apply the law of another state (which clearly renders the provision voidable) and a provision to apply the procedure of another entity (in this case, that of the New York Stock Exchange)? One is initially tempted to seek an answer to this question by entering the near-impenetrable labyrinth that Florida has erected to delineate the difference between "substance" and "procedure." See *State v. Lane,* 45 Fla. Supp. 145, 152-153 (Fla. Palm Beach Cnty. Ct. 1977). But this would be an unnecessary excursion. Section 682, Florida's Arbitration Code, is replete with procedural provisions that have been carefully crafted to assure fairness and due process. See, e.g., §682.06. Any effort to supplant these procedures is of necessity an infringement upon Florida law. Without question it is within the prerogative of the parties to stipulate to alternate procedures but as the court observed in *Demora,* supra, "The rights of the parties under this arbitration provision stand and fall upon the contract terms, not the statutory arbitration procedure in this state." Therefore, the parties have rendered the entire agreement to arbitrate voidable at the instance of either party. Here, through the filing of this action and by resisting the defendant's motion to compel abritration, the plaintiff has indicated his election to void the clause. Accordingly, it is ordered and adjudged that the defendant's motion to compel arbitration and stay the proceedings be, and the same is herewith denied.