384 So.2d 716 (1980)
RAYMOND, JAMES & ASSOCIATES, INC., a Corporation Doing Business within the State of Florida, and Ronald Thatcher, Appellants,
v.
Vallery V. MAVES and Ethel Pryor Maves, Appellees.
No. 79-476.
District Court of Appeal of Florida, Second District.
June 4, 1980.
*717 Guy M. Burns of Jacobs, Robbins & Gaynor, St. Petersburg, for appellants.
Paul J. Ruby, II, Marco Island, for appellees.
BOARDMAN, Judge.
Raymond, James & Associates, Inc. (RJ&A), a brokerage firm, and Ronald Thatcher, defendants below, seek review by interlocutory appeal of the trial court's order refusing to compel arbitration pursuant to the brokerage agreement between RJ&A and appellees/plaintiffs Vallery and Ethel Maves. We reverse.
Appellees entered into an agreement dated August 18, 1975, with RJ&A whereby it was to act as securities broker for appellees on accounts opened there by appellees. Paragraph 14 of this agreement provides:
14. Any controversy between us arising out of or relating to the contract or the breach thereof shall be settled by arbitration in accordance with the rules of the American Arbitration Association, or the Arbitration Committee of the Midwest Stock Exchange, as I may elect. If I do not make such election by registered mail addressed to you at your main office within (5) days after receipt of notification from you requesting such election, then I authorize you to make such election in my behalf. Any arbitration hereunder shall be before at least three arbitrators and the award of the arbitrators, or of a majority of them, shall be final, and judgment upon the award rendered may be entered in any court, state or federal, having jurisdiction. It is understood and agreed that the arbitrators appointed pursuant to the provisions hereof shall be required fully to conform with the laws of the State of Florida in arriving at their determination with respect to the issues of any controversy submitted to them hereunder.
Appellees subsequently filed a complaint against appellants seeking damages for negligence and fraudulent misrepresentation in the handling of appellees' brokerage account. Appellants then filed a motion, together with Thatcher's supporting affidavit, to stay the proceedings and compel arbitration pursuant to the contract. The trial court denied the motion. This appeal timely followed.
The courts of this state have repeatedly approved arbitration clauses, giving effect to the letter and purpose of the Florida Arbitration Code, Sections 682.01-22, Florida Statutes (1977). The trial court was required under Section 682.03 to grant an application for an order compelling arbitration in Morton Z. Levine & Associates, Chartered v. Van Deree, 334 So.2d 287 (Fla.2d DCA 1976). In that case, citing Mills v. Robert W. Gottfried, Inc., 272 So.2d 837 (Fla.4th DCA 1973), this court refused to apply the rational of Shearson, Hammill & Co. v. Vouis, 247 So.2d 733 (Fla.3d DCA), cert. denied, 253 So.2d 444 (Fla. 1971). The Shearson court had refused to compel arbitration because of the policy of Florida securities law, citing Wilko v. Swan, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953). However, the Wilko case offers no support for such a policy argument in Florida since that case dealt with an alleged violation of federal securities law and the application of specific federal statutory requirements. These requirements have no counterpart in *718 Florida's securities legislation and no application at all to this case.
The Shearson decision is in addition distinguishable since it reasons that the arbitration agreement unlawfully attempted to oust the court from its jurisdiction. Today neither that court nor the other district courts of appeal follow that rationale in applying arbitration agreements. They have chosen instead to apply the letter and spirit of the Florida Arbitration Code. See Collier Land Corp. v. Royal Palm Beach Realty, Inc., 338 So.2d 859 (Fla.3d DCA 1976), cert. denied, 348 So.2d 945 (Fla. 1977).
This court in Levine listed several reasons for distinguishing Klosters Rederi A/S v. Arison Shipping Co., 280 So.2d 678 (Fla. 1973), cert. denied, 414 U.S. 1131, 94 S.Ct. 869, 38 L.Ed.2d 755 (1974), relied upon by appellees. These same factors distinguish Klosters from the case at bar. In Klosters there were complicated issues, the presence of numerous third parties, requests for equitable remedies as opposed to money damages, and a waiver of the right to arbitration by the defendants. In this case, the issues are not complicated and do not involve parties not privy to the original contract; appellees are not claiming equitable remedies; and there are no allegations of waiver of arbitration rights. The allegations of fraudulent misrepresentation in the complaint do not alter the result mandated by the Florida Arbitration Code. See Watson v. Chase Chemical Corp., 249 So.2d 53 (Fla. 1st DCA 1971).
Appellees contend that their cause of action is independent of any written contract. A close reading of their complaint reveals no support for that contention. The relationship between appellants and appellees derives from a brokerage agreement whereby appellees employed appellants to act as their stockbroker and investment counselor, and all funds delivered by appellees to appellants, which appellees claim were fraudulently or negligently invested, were delivered pursuant to this agreement. None of the transactions complained of occurred prior to execution of the agreement.
We therefore conclude that the trial court erred in refusing to stay the proceedings and compel arbitration. Morton Z. Levine & Associates, Chartered v. Van Deree, supra.
Accordingly, the trial court's order is REVERSED and the cause REMANDED with directions to enter an order staying court proceedings and compelling arbitration.
GRIMES, C.J., and RYDER, J., concur.