ANSTEAD, Judge,
specially concurring:
I agree with the majority that the trial court did have jurisdiction to confirm the award of arbitration even though that award was made in New York. Unlike the situation in Knight v. H. S. Equities, Inc., 280 So.2d 456 (Fla. 4th DCA 1973) and Damora v. Stresscon International, Inc., 324 So.2d 80 (Fla.1975), the appellant here voluntarily chose to go ahead and arbitrate her dispute with appellee in New York as provided by the parties’ agreement. The agreement further provided that the arbitration award could be enforced by any court acquiring jurisdiction. The appellant herself initiated this action and sought approval of the award. It is true that she later voluntarily dismissed her action but that did not occur until the appellee had counter-claimed for enforcement of the award. In Knight, supra, we held that the trial court lacked the authority to compel someone to arbitrate in another jurisdiction. Here, arbitration has already taken place and resulted in an award which the appellant has not challenged. As noted in Knight:
It is recognized that agreements to arbitrate disputes are generally looked upon with approval by the courts and every reasonable presumption will be indulged to uphold arbitration proceedings which have resulted in an award.
As emphasized by the court in Knight, courts are especially prone to uphold arbitration proceedings which have resulted in an award. That is precisely what took place here.