405 So.2d 790 (1981)
MERRILL LYNCH PIERCE FENNER & SMITH INC., and Brian Sheen, Petitioners,
v.
Helen MELAMED, Respondent.
No. 81-1227.
District Court of Appeal of Florida, Fourth District.
November 12, 1981.
*791 Bennett Falk and Nancy P. Phillips of Walton, Lantaff, Schroeder & Carson, Miami, for petitioners.
F. Kendall Slinkman, West Palm Beach, for respondent.
HURLEY, Judge.
Merrill Lynch Pierce Fenner & Smith Inc. (Merrill Lynch) and its employee Brian Sheen petitioned this court to review a non-final order which denied a motion to compel arbitration. We have certiorari jurisdiction. Lapidus v. Arlen Beach Condominium Association, 394 So.2d 1102, 1103 (Fla. 3d DCA 1981); Rules 9.030(b)(2)(A) and 9.100, Fla.R.App.P.
The issue before us is whether the United States Arbitration Act (Federal Arbitration Act), 9 U.S.C. §§ 1 to 14, supersedes inconsistent provisions of Florida law and the Florida Arbitration Code, Sections 682.01 to 682.22, Florida Statutes (1979). We hold that it does and that state courts are bound to apply the Federal Arbitration Act when it applies.
The present litigation arises out of a contractual relationship between the respondent, Helen Melamed, and the petitioners. In May, 1980, Ms. Melamed placed cash and securities, including stocks listed on a national stock exchange, with Merrill Lynch to be maintained in a cash management account. Ms. Melamed opened this account through Brian Sheen, an account executive employed by Merrill Lynch.
A dispute ensued and Ms. Melamed filed suit in the Circuit Court of Palm Beach County. In response the petitioners filed a motion to compel arbitration pursuant to the Federal Arbitration Act. They asserted that Ms. Melamed had signed a contract requiring the parties to submit all disputes arising out of the relationship to arbitration. The contract contained a clause incorporating the laws of New York. (At oral argument Ms. Melamed conceded that the contract involves interstate commerce within the meaning of the Federal Arbitration Act).
Next, the petitioners filed an answer which asserted as an affirmative defense the right to arbitration. They also attached a second motion to compel arbitration. The trial court denied both motions on the *792 ground that state courts are not required to apply the Federal Arbitration Act. In particular, the trial court refused to apply Sections 2 and 3 of the Federal Arbitration Act. 9 U.S.C. §§ 2 and 3.
Under the supremacy clause of the United States Constitution, Article VI, Clause 2, federal statutes enacted pursuant to the United States Constitution are the supreme law of the land and supersede inconsistent state laws. The Federal Arbitration Act was enacted pursuant to the commerce clause of the United States Constitution and supersedes inconsistent state laws. Merrill Lynch Pierce Fenner & Smith Inc. v. Haydu, 637 F.2d 391, 395 (5th Cir.1981); Societe Generale de Surveilance, S.A. v. Raytheon Management & Systems Co., 643 F.2d 863, 867 (1st Cir.1981).
Section 2 of the Federal Arbitration Act makes an arbitration provision in an agreement involving interstate commerce "valid, irrevocable, and enforceable" unless the agreement would be revocable for a reason at law or equity.[1] 9 U.S.C. § 2. Contracts are not revocable merely because they incorporate the law of a state other than the forum. However, under Florida law and the Florida Arbitration Code an otherwise valid arbitration agreement is not enforceable if it incorporates the law of another state.[2]See § 682.02, Fla. Stat. (1979); Damora v. Stresscon International, Inc., 324 So.2d 80 (Fla. 1975); Romar Transports, Ltd. v. Iron & Steel Co. of Trinidad and Tobago, Ltd., 386 So.2d 572 (Fla. 4th DCA 1980); Knight v. H.S. Equities, Inc., 280 So.2d 456 (Fla. 4th DCA 1980). Thus in Florida, an agreement like that in the present case which incorporates the laws of New York cannot be enforced under Florida law, but the same agreement can be enforced under the Federal Arbitration Act. Thus, in this instance, the two bodies of law are inconsistent.
The supremacy clause requires us to resolve any inconsistency between the two laws in favor of the federally created right, and to subordinate Florida law to the supreme law of the land. We therefore hold that Florida courts must recognize and apply the Federal Arbitration Act and that arbitration agreements which are valid and enforceable under the federal law are also valid and enforceable in Florida courts.
We are aware that some courts have held that the Federal Arbitration Act applies only in federal courts. See, e.g., Pullman, Inc. v. Phoenix Steel Corp., 304 A.2d 334 (Del. Super. Ct. 1973). But most courts have held that the Act applies in both federal and state courts. See, e.g., Allison v. Medicab International, Inc., 92 Wash.2d 199, 597 P.2d 380 (1979) (en banc); Fite and Warmath Construction Co. v. MYS Corp., 559 S.W.2d 729 (Ky. 1977); West Point-Pepperell, Inc. v. Multi-Line Industries, Inc., 231 Ga. 329, 201 S.E.2d 452 (1973); Main v. Merrill Lynch Pierce Fenner & Smith Inc., 67 Cal. App.3d 19, 136 Cal. Rptr. 378 (1977).
Our view of the ambit of the supremacy clause coupled with the sound judicial policy of discouraging unfair forum shopping compel us to adopt the majority rather than the minority rule. Under the minority rule, *793 state courts refuse to enforce an arbitration clause that is enforceable under the federal act unless the clause is also enforceable under state law. Thus, the minority rule encourages unfair forum shopping because a litigant can sometimes escape his contractual obligation to arbitrate by instituting suit in state rather than in federal court. Moreover, we believe that the right to arbitration is substantial and can effect the ultimate outcome of a dispute.See Bernhardt v. Polygraphic Co. of America, 350 U.S. 198, 203, 76 S.Ct. 273, 276, 100 L.Ed. 199 (1956). The existence of this right and the result of a case should not depend on whether the case is before a state or federal tribunal.
We also hold that the provisions of Section 3 of the Federal Arbitration Act apply to Florida state courts. Section 3 generally requires "courts of the United States" to stay judicial proceedings upon a showing that the disputes are subject to a valid and enforceable arbitration agreement.[3]
We feel compelled to interpret the somewhat ambiguous expression "courts of the United States" to include Florida courts in order to protect the rights created by the Federal Arbitration Act. A litigant must often rely on the state courts to enforce his rights under the Federal Arbitration Act. Under the Act, petitions in federal court to compel arbitration must allege an independent basis of subject matter jurisdiction. 9 U.S.C. § 4; Commercial Metals Co. v. Balfour, Guthrie & Co., 577 F.2d 264, 268-69 (5th Cir.1978). In the absence of an independent basis, the federal courts do not have jurisdiction to enforce the arbitration rights. Rather, the litigant must rely on state courts to enforce the federal right to arbitration.
Fairness, logic, and constitutional constraints require us to enforce federal rights in state courts whenever Congress allows. Congress has allowed state courts to enforce federal arbitration rights, and has made state courts the exclusive forum for vindication of those rights except in those instances when the litigant can invoke federal jurisdiction on some independent ground. We should not and cannot make the substance of a federal right depend on the fortuity of the existence of an independent ground of federal jurisdiction.
To summarize, we hold that the Federal Arbitration Act is a national substantive law that supplants inconsistent state laws and that Florida courts are bound by the Act. We quash the order denying the petitioners motion to compel arbitration, and instruct the trial judge to reconsider the motion in light of this opinion.
DOWNEY and GLICKSTEIN, JJ., concur.
NOTES
[1] Section 2 of the Act provides as follows:

A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
9 U.S.C. § 2.
[2] Section 682.02 of the Florida Arbitration Code provides as follows:

Two or more parties may agree in writing to submit to arbitration any controversy existing between them at the time of the agreement, or they may include in a written contract a provision for the settlement by arbitration of any controversy thereafter arising between them relating to such contract or the failure or refusal to perform the whole or any part thereof. Such agreement or provision shall be valid, enforceable, and irrevocable without regard to the justiciable character of the controversy; provided that this law shall not apply to any such agreement or provision to arbitrate in which it is stipulated that this law shall not apply or to any arbitration or award thereunder.
§ 682.02, Fla. Stat. (1979) (emphasis added.)
[3] Section 3 of the Act provides as follows:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.
9 U.S.C. § 3.