422 So.2d 1105 (1982)
ROSS STEBBINS, INC., Appellant,
v.
Susan M. NYSTRUM, Appellee.
No. 82-1678.
District Court of Appeal of Florida, Fourth District.
December 8, 1982.
Dennis F. O'Shea of Gustafson, Stephens, Ferris, Forman & Hall, P.A., Fort Lauderdale, for appellant.
Edward G. Stephany of Marko, Stephany & Lyons, Fort Lauderdale, for appellee.
BERANEK, Judge.
This is an interlocutory appeal from a Circuit Court order enjoining arbitration. *1106 Defendant, Ross Stebbins, Inc., is a brokerage firm and a member of the New York Stock Exchange. Plaintiff/appellee was employed as a stock broker and registered representative of that firm in its Fort Lauderdale office. The brokerage house and Nystrum were parties to a written employment agreement. A controversy arose between them as to compensation and certain refundable advances paid to Nystrum. Pursuant to the express terms of the employment agreement, Ross Stebbins, Inc., sought to arbitrate the matter before the New York Stock Exchange in the State of New York. A formal application for arbitration was made to the Director of Arbitration of the New York Stock Exchange on May 26, 1982. Subsequently, in June of 1982, Nystrum filed suit in Broward County, Florida, against Ross Stebbins, Inc., for damages and other relief including an injunction of the pending arbitration proceeding. The Circuit Court granted the prayer for an injunction and the present interlocutory appeal results. We reverse.
The only basis asserted by appellee in support of the ruling is that the transaction did not involve interstate commerce. Although the trial court made no such express factual ruling, appellee asserts this was the basis for the court's injunction. Having reviewed the appellant's brief and the appendix as submitted, we are unable to locate any substantial, competent evidence in support of the conclusion that this contract was not one involving interstate commerce. Therefore, pursuant to Merrill, Lynch, Pierce, etc. v. Melamed, 405 So.2d 790 (Fla. 4th DCA 1981), we conclude the trial court erred in enjoining arbitration and the order below is reversed. The matter is remanded for further proceedings consistent with the Florida Arbitration Act, Chapter 682, Florida Statutes (1981), and the Federal Arbitration Act, 9 U.S.C. §§ 1 to 14, as amended (1970).
REVERSED AND REMANDED.
DELL and WALDEN, JJ., concur.