434 So.2d 369 (1983)
Marcia YOUNG, Petitioner,
v.
OPPENHEIMER & COMPANY, INC., Respondent.
No. 82-2282.
District Court of Appeal of Florida, Third District.
July 20, 1983.
*370 Bailey & Dawes and Jesse C. Jones and Mercedes C. Busto, Miami, for petitioner.
Paul, Landy, Beiley, Harper & Metsch and Richard E. Brodsky, Miami, for respondent.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
Petitioner, Mrs. Young, brought an action in the United States District Court against respondent, Oppenheimer & Company, Inc., alleging violations of the Florida and federal securities laws. On motions of Oppenheimer, the court dismissed petitioner's original and amended complaints. Respondent subsequently filed an answer and affirmative defenses to petitioner's second amended complaint. In the federal action, there were no efforts, by motion or otherwise, to compel arbitration of the state claims even though it was later determined that the federal and state claims were severable. Thereafter, the federal court dismissed the state claims for the reason that there was no justification for the exercise of pendent jurisdiction, citing Stowell v. *371 Ted S. Finkel Investment Services, Inc., 489 F. Supp. 1209 (S.D.Fla. 1980), aff'd, 641 F.2d 323 (5th Cir.1981).
Petitioner then filed her state statutory and common law claims in the state court. Respondent moved to compel arbitration, invoking the Florida Arbitration Code and the Federal Arbitration Act. The trial court entered an order which (1) compelled arbitration, (2) stayed the court proceedings, and (3) retained jurisdiction to permit petitioner an opportunity to show that respondent was dilatory or unreasonable in its tactics, to her prejudice.
By this Petition for Writ of Certiorari, petitioner seeks review of the order compelling arbitration, raising three points as departures from the essential requirements of the law: (1) Oppenheimer waived its purported right to arbitration; (2) petitioner's state claims are not arbitrable; (3) a provision in the securities agreement restricting venue to New York City is unreasonable and invalid.
The dispositive questions as succinctly phrased and answered by the trial court are:
Does the Federal Arbitration Code apply? Does it prevail over the State Arbitration Code and over the State Local Laws? My answer is yes in light of the case of Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Melamed, 405 So.2d 790 (Fla. 4th DCA 1981) and the Third District case in Weir v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 416 So.2d 872 (Fla. 3d DCA 1982) which has incorporated that viewpoint at least at this point.[1]
In so holding, the trial court overlooked the controlling decision of this district in Shearson, Hammill & Co., Inc. v. Vouis, 247 So.2d 733 (Fla. 3d DCA), cert. denied, 253 So.2d 444 (Fla. 1971), which is directly contrary to Melamed. Although the Vouis opinion has been the subject of some criticism in other districts, today we reaffirm the conclusion, if not the rationale, of that decision. Vouis holds broadly that (1) arbitration of alleged fraud, misrepresentation and breach of fiduciary duties is not consistent with the policy and language of the Florida Securities Act, which will control over provisions of the Florida Arbitration Code, and (2) agreements to arbitrate controversies in the future cannot oust the courts of jurisdiction conferred upon them by organic law.[2]
That arbitration of such claims is inconsistent with the Florida Securities Act[3] is made clear by Section 517.241(3) of *372 the Act, which expressly provides an aggrieved person the same civil remedies provided by laws of the United States for the purchaser or seller of securities which travel in interstate commerce. Section 517.241(4) limits the jurisdiction of the state courts to those civil suits, in connection with the sale of interstate securities, where there is no conflict with the jurisdiction of federal courts.
In Vouis, this court held that the Florida Securities Act will control over the Florida Arbitration Code to the extent of a conflict between them. For this proposition, the court relied on Wilko v. Swan, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), which held that the provision of the federal Securities Act prohibiting arbitration[4] would control over the more general Federal Arbitration Act.[5]Vouis is consistent with Wilko in that it insures to a person aggrieved in a securities transaction, whether buyer or seller, a judicial forum to hear a claim unless the aggrieved person agrees to arbitration after the claim has arisen. The Federal Arbitration Act does not apply to compel arbitration of claims arising out of interstate commerce transactions which are filed in federal court because federal law precludes a pre-sale waiver of the statutory right to a judicial determination of such claims. The longstanding justification for the federal law is thus stated in Wilko:
While a buyer and seller of securities, under some circumstances, may deal at arm's length on equal terms, it is clear that the Securities Act was drafted with an eye to the disadvantages under which buyers labor. Issuers of and dealers in securities have better opportunities to investigate and appraise the prospective earnings and business plans affecting securities then buyers. It is therefore reasonable for Congress to put buyers of securities covered by that Act on a different basis from other purchasers. Wilko v. Swan, 346 U.S. at 435, 74 S.Ct. at 186-187.
In deciding the question of the enforceability of an agreement to arbitrate, the Vouis Court considered only the Florida Securities Act and the Florida Arbitration Code. In Melamed, the Fourth District was presented with a slightly different issue  whether an agreement to arbitrate which incorporates the law of another jurisdiction is valid in Florida. This case is factually more akin to Vouis than Melamed because the arbitration agreement here does not incorporate the law of another jurisdiction.[6] We stop to analyze Melamed because, as respondent suggests, the same conclusion is compelled despite the absence of a clause incorporating another state's law.
The Melamed court found that under the Florida Arbitration Code, an otherwise valid arbitration agreement is not enforceable *373 if it incorporates the law of another state.[7] The court then reasoned that this result would be inconsistent with the Federal Arbitration Act, which makes an arbitration provision in an agreement involving interstate commerce "valid, irrevocable, and enforceable" unless the agreement would be revocable for a reason at law or equity.[8] Applying preemption principles, Melamed held that state courts may not refuse to enforce an arbitration clause that is valid under federal law merely because the clause is unenforceable under state law. To discourage unfair forum shopping, the court found that the existence of the right to arbitrate "should not depend on whether the case is before a state or federal tribunal." 405 So.2d at 793.
We are entirely in agreement with Melamed as to these general statements of law. However, we disagree with the Melamed court that such an agreement would be valid under federal law. The provisions of the Federal Arbitration Act cited in Melamed are not applicable to the federal securities law. Wilko v. Swan, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953). As the Supreme Court noted in Wilko, the federal Securities Act expressly prohibits a pre-sale waiver of the right to a judicial determination of securities claims. Because Florida law extends the same civil remedies to purchasers and sellers of securities in interstate commerce as the laws of the United States, an arbitration agreement which is unenforceable under United States law is also unenforceable in Florida. Melamed, it appears, reaches a contrary result by creating rather than resolving inconsistency between state and federally created rights.
Respondent's preemption argument thus fails. Preemption is essentially a conflict-of-laws question; it exists where state law has been supplanted by substantive federal law so that federal law must be applied to determine the merits of a plaintiff's claim. Central National Bank of Miami v. Central Bancorp, Inc., 411 So.2d 358 (Fla. 3d DCA 1982); see also Societe Generale de Surveillance, S.A. v. Raytheon European Management & Systems Co., 643 F.2d 863 (1st Cir.1981); 1A Moore's Federal Practice, ¶ 0.160[4] at 237 (2d ed. 1983). The Florida Securities Act is drafted meticulously so as to avoid conflict with federal law governing securities transactions with respect to both remedy and the exercise of jurisdiction. Since there is facially no inconsistency between the federal securities law and the state securities act, as we construe it, and no necessity to apply federal law to determine the merits of the complaint, no preemption problem exists.[9] The federal government's power under the Commerce Clause to regulate commerce does not exclude all state power of regulation. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Ware, 414 U.S. 117, 94 S.Ct. 383, 38 L.Ed.2d 348 (1973).
We have no quarrel with, and find distinguishable, authorities which hold that the Federal Arbitration Act applies to compel arbitration of claims filed in state courts based on agreements which affect interstate commerce other than those involving sales of securities. See, e.g., Ross Stebbins, Inc. v. Nystrum, 422 So.2d 1105 (Fla. 4th DCA 1982) (contract for employment of stockbroker); Lipton Professional Soccer, Inc. v. Mijatovic, 416 So.2d 1236 (Fla. 1st DCA 1982) (collective bargaining agreement incorporating New York law).
Because we find no compulsion to arbitrate, we need not decide whether there *374 was a waiver of arbitration in the federal court or whether the provision in the contract requiring that arbitration take place in New York is unconscionable.
Certiorari is granted; the order compelling arbitration is quashed and the cause remanded for judicial proceedings.
NOTES
[1] Weir is a per curiam denial of certiorari on authority of Melamed without an opinion. Because Melamed has several holdings and turns on the significant facts, the Weir case is without precedential value.
[2] We reaffirm Vouis' first holding not as a broad statement of law but as applied to claims arising out of interstate securities transactions which are brought pursuant to the Florida Securities Act. The second holding is the principle adopted by the United States Supreme Court in Wilko v. Swan, infra, to justify invalidation of compulsory arbitration provisions in interstate securities agreements; it remains viable in state law only because the Florida Securities Act provides the same remedy as federal law. This second holding of Vouis has been abandoned by state courts in other kinds of cases, see, e.g., Post Tensioned Engineering Corp. v. Fairways Plaza Associates, 412 So.2d 871 (Fla. 3d DCA), rev. denied, 419 So.2d 1197 (Fla. 1982); Collier Land Corp. v. Royal Palm Beach Realty, Inc., 338 So.2d 859 (Fla. 3d DCA 1976), cert. denied, 348 So.2d 945 (Fla. 1977), except where arbitration has been waived, see, e.g., Klosters Rederi A/S v. Arison Shipping Co., 280 So.2d 678 (Fla. 1973), cert. denied, 414 U.S. 1131, 94 S.Ct. 869, 38 L.Ed.2d 755 (1974); Lapidus v. Arlen Beach Condominium Association, Inc., 394 So.2d 1102 (Fla. 3d DCA 1981).
[3] The Florida Securities Act, § 517.241(2), (3) and (4), Fla. Stat. (1981) provides:

517.241 Remedies. 
(2) Nothing in this chapter shall limit any statutory or common-law right of any person to bring any action in any court for any act involved in the sale of securities or the right of the state to punish any person for any violation of any law.
(3) The same civil remedies provided by laws of the United States for the purchaser or seller of securities under any such laws, in interstate commerce, shall extend also to purchasers or sellers of securities under this chapter.
(4) When not in conflict with the Constitution or laws of the United States, the courts of this state have the same jurisdiction over civil suits instituted in connection with the sale or offer of sale of securities under any laws of the United States as they may have under similar cases instituted under the laws of the state.
[4] The Securities Act of 1933 § 14, 15 U.S.C. § 77n (1976), provides:

Any condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision of this subchapter ... shall be void.
This specific provision was held to control over the Federal Arbitration Act, 9 U.S.C. § 2 (1976).
[5] In Raymond, James & Associates, Inc. v. Maves, 384 So.2d 716 (Fla. 2d DCA 1980), the Second District specifically rejected the reasoning of Vouis. The Maves court claimed that Wilko was not dispositive in Florida, since that case dealt with federal securities law, and specific federal statutory requirements which have no Florida counterpart. We respectfully disagree, and find that the provisions of Sections 517.241(2) and (3) are specific counterparts of the federal securities law prohibiting a pre-sale arbitration agreement in the sense that the Florida Securities Act expressly provides that the remedy shall be the same as that provided by federal law.
[6] The securities agreement in Melamed incorporated the law of the state of New York. The contract in this case provides that the rules of the New York Stock Exchange, Inc. shall govern arbitration. A provision that certain arbitration rules shall apply is considered one which merely expresses the method to be followed, and is not a stipulation that the Florida Arbitration Code shall not apply. Post Tensioned Engineering Corp. v. Fairways Plaza Associates, 412 So.2d at 874, citing Hall v. Nationwide Mutual Insurance Co., 189 So.2d 224 (Fla. 4th DCA 1966).
[7] See Florida Arbitration Code § 682.02, Fla. Stat. (1981). However, even if the agreement did not incorporate the laws of another state, any arbitration agreement involving securities transactions in interstate commerce would be unenforceable under Sections 517.241(2) and (3), as previously discussed. Thus, while Melamed is factually distinguishable from Vouis, we think the result would be the same in either case, i.e., both federal law, and the Florida law which borrows federal law, render unenforceable any pre-sale arbitration agreement involving securities transactions in interstate commerce.
[8] Federal Arbitration Act, 9 U.S.C. § 2 (1976).
[9] After this opinion was prepared for release, respondent called to our attention Kroog v. Mait, 712 F.2d 1148 (7th Cir.1983) a case which reverses the District Court and holds to the contrary. We disagree with Kroog.