442 So.2d 414 (1983)
MERRILL LYNCH, PIERCE, FENNER & SMITH, INC. and Marian Brawley, III, Petitioners,
v.
WESTWIND TRANSPORTATION, INC., Respondent.
No. 83-885.
District Court of Appeal of Florida, Second District.
December 21, 1983.
*415 Charles P. Schropp and Raymond T. Elligett, Jr., of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for petitioners.
John W. Frost, II, and Joseph P. Mawhinney of Frost, Purcell & Lilly, P.A., Bartow, for respondent.
RYDER, Judge.
Merrill, Lynch, Pierce, Fenner and Smith, Inc. (Merrill Lynch) and Marian Brawley, III have petitioned this court for the issuance of a writ of certiorari and review of their cause following the trial court's denial of their motion to compel arbitration and/or motion to stay proceedings pending arbitration. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(2)(A).
In November 1982, respondent Westwind Transportation, Inc. (Westwind) filed a complaint against Merrill Lynch and Brawley alleging negligence, misrepresentation and omission, and breach of contract based on option transactions in the stock market. It was alleged that the trading occurred from May to September 1982.
In December 1982, Merrill Lynch and Brawley filed a motion to compel arbitration and/or motion to stay proceedings pending arbitration. Petitioners relied upon the following portions of an agreement signed by Westwind's agent:
9. Any controversy between us arising out of such option transactions or this agreement shall be settled by arbitration before the National Association of Securities Dealers Incorporated or the New York State Exchange or an Exchange located in the United States upon which listed option transactions are executed only. We shall have the right of election as to which of the foregoing tribunals shall conduct the arbitration. Such election is to be by registered mail, addressed to Merrill Lynch's head office at 165 Broadway, New York, N.Y. 10006, attention of the Law Department. Our notice of election is to be postmarked within five days after the date of your demand to make such election. At the expiration of the five days, we hereby authorize Merrill Lynch to make such election on our behalf.
10. This agreement and its enforcement shall be governed by the laws of the State of New York except as otherwise specifically indicated.
The trial court denied the motions without making any express findings.
Thereafter, in January 1983, the petitioners filed an answer to the complaint and raised several defenses, the ninth of which related to the agreement for arbitration.
On February 25, 1983, the deposition of Westwind's president was taken. At that time, he stated that no option trading involving Westwind had occurred prior to June 9, 1982; an important date, for the agreement containing the arbitration clause was signed on June 9, 1982.
Merrill Lynch and Brawley renewed their motions on February 28, 1983. It was indicated that the motions were being filed pursuant to the Federal Arbitration Act, 9 U.S.C.S. §§ 1-14 (Law.Co-op. 1978 & Supp. 1983).
In March 1983, a hearing was held on the renewed motions. The trial judge expressed a belief that his previous denial of the motions had "become the law of the case here and I think I'm going to stick with my original ruling." In the written order, the court stated:
From a review of the record, it appears that this is the second such motion so captioned and filed by Defendants with this Court, both being virtually identical in substance and seeking the same relief. The Court, having previously considered and denied such relief in its Order of *416 December 22, 1982, thereby establishing the law of the case and from which Defendants did not seek appellate review, it is, upon consideration
ORDERED and ADJUDGED that Defendant's second Motion to Compel Arbitration and/or Motion to Stay Proceedings Pending Arbitration is hereby denied.
Following this denial of their motions, Merrill Lynch and Brawley invoked the certiorari jurisdiction of this court. They contend that the trial court, by relying on the law of the case doctrine in denying the renewed motions and in failing to give effect to the agreement to arbitrate, departed from the essential requirements of law, causing irreparable injury. The petitioners state that the failure to seek review of the first denial of their motions did not preclude the trial court from reconsidering those motions at a later date.
The petitioners emphasize that Westwind's complaint alleged that the option transactions began in May 1982, prior to the execution of the agreement containing the arbitration clause. The true fact, realized after the denial of the initial motions, is that the option trading began on the same date that the parties entered into the agreement. Merrill Lynch and Brawley conclude that there was no substantive basis for appellate review following the first denial of their motions as the denial was made before the true date of the beginning of the option trading was known. Hence, the failure to review the first denial did not preclude the trial court from reconsidering the motion, either because the law of the case doctrine or on a res judicata basis. It is further noted by the petitioners that the first denial of their motions was an interlocutory order, and as such, it did not need to be immediately appealed for such an order is subject to modification any time before final judgment.
In response, Westwind argues that following the first denial of the petitioners' motions, Merrill Lynch and Brawley did not seek review of that denial, they filed an answer and defenses, and they commenced "rather aggressive" discovery. Also, at the first hearing, the petitioners failed to present evidence to show the actual date when the option trading began. In addition to the foregoing, and as the two motions filed by the petitioners were nearly identical, Westwind concludes that the petition for writ of certiorari should be denied.
Westwind has pointed out a statement by the trial court that the arbitration clause did not apply to the conduct complained of in this matter. Westwind attempts to distinguish the cases cited by the petitioners and argues that Merrill Lynch and Brawley have fallen victim to their own action or inaction. It is also urged by Westwind that the procedural provisions of the Florida Arbitration Code apply in this case and thus the petition should be denied.
It is clear that a petition for writ of certiorari is the proper vehicle for review of an interlocutory order denying an application for arbitration. Lipton Professional Soccer, Inc. v. Mijatovic, 416 So.2d 1236 (Fla. 1st DCA 1982); Merrill Lynch Pierce Fenner & Smith Inc. v. Melamed, 405 So.2d 790 (Fla. 4th DCA 1981); McAllister v. Giroux, 401 So.2d 908 (Fla. 2d DCA 1981). Under the circumstances of this case, we agree with the petitioners' arguments and grant the petition.
Initially, we note that under the law of the case doctrine, the trial court was not required to deny the petitioners' second set of motions. No law of the case was created by the trial court's initial denial of the petitioners' motions. The law of the case doctrine applies when an appellate decision has been rendered in a case; such a decision is binding on subsequent proceedings of that case. Airvac, Inc. v. Ranger Insurance Co., 330 So.2d 467 (Fla. 1976).
Additionally, Merrill Lynch and Brawley were not required to appeal the initial denial of their motions. See Fla.R. App.P. 9.130(g). That denial was, indeed, an interlocutory order. The trial court could have reconsidered its denial of the motions.
*417 The arbitration agreement was effective at the time that the option trading by the petitioners, on behalf of Westwind, had begun. That agreement, signed by an agent for Westwind, provides for the settlement by arbitration of any controversy arising out of the option transactions or the agreement itself. The allegations of wrongdoing made in Westwind's complaint call into play the arbitration clause. As option trading is an area of interstate commerce, the provisions of the Federal Arbitration Act, 9 U.S.C.S. §§ 1-14 (Law.Co-op. 1978 & Supp. 1983), apply and preempt the provisions of the Florida Arbitration Code, chapter 682, Florida Statutes (1981). Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 637 F.2d 391 (5th Cir.1981); Melamed, supra.
Under the federal provisions, the agreement to submit to arbitration is valid, irrevocable and enforceable except on such grounds which exist at law or in equity for the revocation of the contract. 9 U.S.C.S. § 2 (Law.Co-op. 1978 & Supp. 1983). No grounds have been alleged by Westwind to attack the validity of the agreement. Instead, the grounds alleged in the respondent's complaint attack the handling of its account. While there is an allegation of a breach of contract, nowhere has Westwind made allegations seeking to revoke the agreement containing the arbitration clause. Cf. Merrill Lynch Pierce Fenner & Smith, Inc. v. Melamed, 425 So.2d 127 (Fla. 4th DCA 1982), petition for review denied, 433 So.2d 519 (Fla. 1983).
Merrill Lynch and Brawley filed their answer and defenses after the trial court denied the initial motions. Discovery also was undertaken after this denial. Apparently, it was through discovery that Merrill Lynch and Brawley became aware that no option trading had begun prior to the entry by the parties into the agreement containing the arbitration clause. Following their enlightenment on this point, the petitioners reasserted their motion to compel and/or stay.
Petitioners have not waived the right to arbitration. They have not acted inconsistently with their demand for arbitration, and have not participated in the lawsuit in a manner which would support a finding of waiver. Balboa Insurance Co. v. W.G. Mills, Inc., 403 So.2d 1149 (Fla. 2d DCA 1981). See Morton Z. Levine and Associates, Chartered v. Van Deree, 334 So.2d 287 (Fla. 2d DCA 1976). Cf. Klosters Rederi A/S v. Arison Shipping Co., 280 So.2d 678 (Fla. 1973), cert. denied, 414 U.S. 1131, 94 S.Ct. 869, 38 L.Ed.2d 755 (1974); Hansen v. Dean Witter Reynolds, Inc., 408 So.2d 658 (Fla. 3d DCA 1981), petition for review denied, 417 So.2d 328 (Fla. 1982).
Westwind has argued that the petitioners knew or should have known the actual date when the pertinent option trading began and, therefore, Merrill Lynch and Brawley should have raised that point in the initial motions. That argument is a two-edged sword which applies with equal force to Westwind: it knew or should have known when its option trading actually began, and it should not have made an erroneous allegation on that point in its complaint. Westwind's inaccuracy in the allegations of the complaint should not work to their benefit and to the detriment of the petitioners. These arguments should not and will not deprive Merrill Lynch and Brawley of their right to arbitration.
After considering cases which discuss the Florida Securities Act in relation to the Florida Arbitration Code and the Federal Arbitration Act, we conclude that in the case sub judice the Federal Arbitration Act is controlling. See Kroog v. Mait, 712 F.2d 1148 (7th Cir.1983); Young v. Oppenheimer & Co., Inc., 434 So.2d 369 (Fla. 3d DCA 1983); Shearson Hammill & Co., Inc. v. Vouis, 247 So.2d 733 (Fla. 3d DCA), cert. denied, 253 So.2d 444 (Fla. 1971).
To summarize, we hold that the trial court departed from the essential requirements of law, causing irreparable injury, by denying the petitioners' motion to compel arbitration and/or motion to stay proceedings pending arbitration. Accordingly, the petition for writ of certiorari is granted, the writ is issued, and the decision below is quashed. We remand this cause *418 for entry of an order compelling arbitration and staying further proceedings pending arbitration.
HOBSON, A.C.J., and DANAHY, J., concur.