540 So.2d 938 (1989)
ALLSTATE INSURANCE COMPANY, a Corporation, and Transamerica Insurance Company, a Corporation, Appellants,
v.
Bonnie SINGLETARY, Appellee.
No. 88-02952.
District Court of Appeal of Florida, Second District.
April 7, 1989.
*939 Daniel F. Pilka of Sawyer & Pilka, P.A., Tampa, for appellant, Transamerica Ins. Co.
Clay B. Rood, Tampa, for appellee.
SCHEB, Judge.
Transamerica Insurance Company appeals a nonfinal order compelling arbitration of damages Bonnie Singletary sustained in an automobile accident. We reverse.
Singletary was injured while riding as a passenger in a car owned by Elizabeth Phillips, who was insured by Transamerica. Because of a dispute as to the amount of damages, Singletary filed suit to recover uninsured motorist benefits under the Transamerica policy. After Transamerica filed an answer and initiated discovery, Singletary obtained a copy of the Transamerica policy and filed a motion to compel arbitration pursuant to its terms. The trial court granted the motion, and this timely appeal followed.
Transamerica contends that Singletary waived her right to arbitration when she filed a lawsuit without first making an effort to arbitrate the matter with Transamerica. We agree. See Merrill Lynch, Pierce, Fenner & Smith v. Westwind Transp., Inc., 442 So.2d 414, 417 (Fla. 2d DCA 1983). Despite the fact that Singletary was not a party or named insured under the policy, we note that she could have obtained a copy of the policy pursuant to section 627.7264, Florida Statutes (1987). Therefore, Singletary should have known of her right to arbitrate the matter. See Winter v. Arvida Corp., 404 So.2d 829 (Fla. 3d DCA 1981).
CAMPBELL, C.J., and HALL, J., concur.