## BROOKS, administrator, *v.* MILLER.

The case is controlled by the construction given the contract in the case between the same parties in 103 *Ga.* 712, and 113 *Ga.* 1008. The new testimony offered affords no excuse for the failure on the part of the plaintiff to secure the partition which was made a condition precedent to the sale of the land.

The verdict was right, and demanded by the evidence. The judgment grant-
ing a new trial is therefore reversed.

Argued July 24, — Decided August 14, 1903.

Action on contract.   Before Judge Norwood.   City court of
Savannah., January 21, 1903.

*Adams & Adams*, for plaintiff in error.

*Saussy & Saussy*, contra.

LAMAR, J.   ·This case between the same parties, and as to the
same subject-matter, has been before this court in 103 *Ga.* 712,
and 113 *Ga.* 1008.   In those decisions it was adjudicated that the
letters were sufficiently definite to make a contract; but the let-
ters, which were necessary to bring the case within the require-
ments of the statute of frauds, were construed 'to make a contract
of sale conditioned upon Miller, the purchaser, securing a division
of the land between the cotenants within a reasonable time.   This
was not a ruling on evidence, but a construction of the writing,
in which alone the contract could lawfully appear.   The plaintiff
can not rely on parol evidence to establish a contract for the sale
of land, nor can he by parol testimony alter or modify the con-
struction which the writings demand.   It being admitted that he
did nothing to bring about the division, he was not entitled to re-
cover under the terms of the contract.   Evidence " establishing
the actual relation of the parties to each other," " giving a partic-
ular and explicit description of the lots, with their location, value,
and capability of division by numerical calculation, without re-
quiring specific and individual selection to equalize the division,"
does not afford any excuse for the failure to have the partition
which the seller made a condition precedent.   The letters mainly
relied on by the plaintiff were considered by this court on the
previous hearing, in ·construing the rights of the parties, and
in determining whether a partition was a condition · precedent to
the sale.   But the plaintiff insists that this record contains new
evidence, and that a ruling based upon one state of facts is not
to be followed where different facts appear in the subsequent
hearing.   *Ocean S. Co.* v. *Cheeney*, 86 *Ga.* 278, s. ·c. 92 *Ga.* 726,
95 *Ga.* 381.   We recognize this rule, and that the new evidence
need not be voluminous or extensive; for it may happen that a sin-
gle new fact might supply a missing link, or put an entirely differ-
ent phase upon the previous testimony.   But here the right of the

plaintiff is rooted in the writings, which bear only one construction ; and the new evidence introduced affords no excuse for failing to comply with the condition precedent set out in the contract itself. Besides, the plaintiff's testimony does not sustain his own theory as to there being no necessity for making a division. One of his witnesses testified : "I do not think there was a difference of ten per cent. between the most valuable and the least valuable of the lots." Another testified that if the division was north and south, there would have been but little difference; but running east and west, there would have been a difference. If there was a difference of ten per cent., a little difference, or no difference at all, the seller had the right to require the partition, and make it a condition precedent. The new testimony offered did not show facts excusing the plaintiff from the obligation imposed by the contract of sale. The verdict was right, and demanded by the evidence. The judgment granting a new trial is therefore

*Reversed. All the Justices concur.*