## 44784.   MARTELL v. ATLANTA BILTMORE HOTEL CORPORATION.

ARGUED OCTOBER 8, 1969—DECIDED DECEMBER 2, 1969—REHEARING DENIED DECEMBER 19, 1969—

*Westmoreland, Hall & O'Brien, John L. Westmoreland, Frank B. Strickland,* for appellant.

*Sutherland, Asbill & Brennan, D. R. Cumming, Jr.,* for appellee.

QUILLIAN, Judge. ■ As was stated in *Atlanta Biltmore Hotel v. Martell,* 118 Ga. App. 172 (3), supra: "The evidence also shows that Martell and the general manager of the hotel, D. O. Buesse, executed several 'supplemental' contracts. The last action in this regard consisted of the execution of two papers on the same day, September 10, 1962. One of the papers was an American Guild of Variety Artists form contract providing that Martell was to perform for the 'run of the show . . . 6 days weekly . . . 2 shows daily, commencing on September 15, 1962.' This instrument also provides that: 'This contract including all options may not exceed one year.' The other paper, a memorandum on hotel stationery, says: 'It is hereby agreed and understood that the undersigned Artist, Freddie Martell, will continue under the same provisions of the A.G.V.A. Standard Form of Artist's Engagement Contract dated May 15, 1959, No. 071435, with the following to be incorporated into said contract.' Then are set forth provisions relating to salary and the withholding of state and federal taxes. The May 15, 1959, contract above referred to is the contract sued upon and purports to be a six-year contract with an option in Martell to renew for an additional year. The September, 1962, form contract and the other paper memorandum on hotel stationery of date September 10, 1962, are obviously in conflict as to whether the obligation of Martell was not exceeding one year or whether it was one to be governed by the original May 15, 1959, contract."

In that opinion, discussing the issue of the conflict between the 1959 and the 1962 contracts, this court held: "This conflict will be resolved by determining which provision was executed first in point of time. It is a cardinal rule in the construction of contracts that in the event of an irreconcilable conflict in provisions thereof, the provision first set forth in the contract prevails. *Whitney v. Hagan,* 65 Ga. App. 849, 851 (16 SE2d 779). This principle would apply to the present situation. A

jury must make the determination in this instance as to which provision was prior in time."

The above quoted ruling established the law of the case that the form contract, which provided that the employment period would not exceed one year, would prevail if it was executed prior to the memorandum on hotel stationery. *Code Ann.* § 81A-160 (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240); *Brooks v. Miller,* 118 Ga. 676 (45 SE 485). See *One In All Corp. v. Fulton Nat. Bank,* 108 Ga. App. 142, 143 (132 SE2d 116). The undisputed evidence was that the printed form was executed first. The plaintiff testified that he signed the printed form and the memorandum and sent them to Mr. Buesse for signature. Mr. Buesse testified that he signed the printed form contract prior to executing the memorandum on hotel stationery. Thus, it being established that the contract was limited to one year, a verdict for the defendant was demanded.

The appellant contends that the holding in *Atlanta Biltmore Hotel v. Martell,* 118 Ga. App. 172, supra, was erroneous because the principle stated therein would not apply to the present case. He states that: the prior ruling was based on the assumption that both the printed form contract and the typewritten memorandum stand on the same footing as one continuous document consisting of a series of provisions; that in the instant case the form contract is printed and the memorandum on hotel stationery is typewritten. Appellant argues that under these circumstances the rule of construction stated in *Atlanta Biltmore Hotel v. Martell,* 118 Ga. App. 172, supra, must yield to another rule of construction that, where a part of a contract is printed and a part is typewritten and there is a conflict between the two the typewritten portion will prevail. Assuming that what appellant states is correct, nevertheless the prior ruling, whether right or wrong, is the law of this case and is binding on the parties, the trial court and this court. *Life & Cas. Ins. Co. of Tenn. v. Webb,* 115 Ga. App. 521, 523 (154 SE2d 790); *Evans & Pennington v. Nail,* 7 Ga. App. 129, 133 (66 SE 543).

While the holding in this case on its previous appearance before this court may be reviewed and overruled in another case,

as between these parties it must stand. *Lankford v. Milhollin,* 201 Ga. 594 (4) (40 SE2d 376).

*Judgment affirmed. Hall, P. J., and Pannell, J., concur.*