## 52556. ATLANTA CASUALTY COMPANY v. WILLIAMS.

DEEN, Presiding Judge.

This is an action for recovery of the face amount of an automobile insurance policy, following loss by fire, where the appellant insurer defended on the ground of prior cancellation. The case was tried by the court without a jury and the judgment in favor of the insured was appealed to this court and reversed in *Atlanta Cas. Co. v. Williams,* 135 Ga. App. 562 (218 SE2d 282) on the sole ground that the trial court had failed to enter his findings of fact and conclusions of law in accordance with Code § 81A-152. The court thereafter entered a new judgment for the plaintiff based on adequate findings of fact and conclusions of law, and defendant again appeals. The transcript of evidence is identical in both cases.

A ruling of the Court of Appeals in a case is binding in all subsequent proceedings in that case, whether in the trial court or in this court. Code Ann. § 81A-160 (h); *Tingle v. Harvill,* 230 Ga. 70 (195 SE2d 654). This court has held as to the transcript of evidence here involved that "the absence of direct evidence the mailing contained the notice [of cancellation] was sufficient to make a jury question as to the mailing of a notice of cancellation." *Atlanta Cas. Co.,* supra, p. 564. This of course disposes of the appellant's third enumeration of error, which contends the evidence demands a finding that the policy was effectively canceled, since cancellation depends entirely on whether the notice to that effect was issued. The statement of facts in the amended judgment contains a finding, supported by the evidence, that the plaintiff did not receive the notice of cancellation, and that the insurer failed to show it gave a ten-day notice of cancellation. These are sufficient findings of fact, and accord with the

decision of this court in *Atlanta Cas. Co.,* supra, in its statement that there was "no *direct* testimony that a *notice of cancellation* was in the envelope mailed" and accordingly "[t]he evidence did not demand a finding that a *notice of cancellation* was in the envelope addressed to the insured." The new judgment does contain findings of fact and separate conclusions of law based thereon, and thus meets the grounds of objection on which the case was reversed on its first appearance. *Spivey v. Mayson,* 124 Ga. App. 775 (186 SE2d 154).

*Judgment affirmed. Quillian and Webb, JJ., concur.*

SUBMITTED SEPTEMBER 13, 1976 — DECIDED SEPTEMBER 30, 1976.

*Carr G. Dodson, Rufus D. Sams, III,* for appellant. *L. Z. Dozier,* for appellee.