## 58806. REDMOND et al. v. BLAU et al.

CARLEY, Judge.

This is the second appearance of this case in the appellate courts. The facts, which are fully set forth in *Blau v. Redmond,* 143 Ga. App. 897 (240 SE2d 273) (1977), need no extensive reiteration. Briefly, in the prior decision, this court held certain "agreements" executed by appellees evidencing interest-free loans to Phoenix Academy, Inc., of which appellants are trustees, to be "securities" within the meaning of Georgia Code Ann. § 97-102 (16). The Supreme Court declined to review this holding on certiorari. The case was returned to the trial court where, after discovery, appellee-security holders moved for and were granted summary judgment. Appellants appeal from this order granting summary judgment to appellees, enumerating several errors but arguing only that the trial court erred in finding the "agreements" to be securities.

This issue was raised and decided adversely to appellants' contentions in the prior appeal of this case. The decision in *Blau v. Redmond,* 143 Ga. App. 897, supra, that the "agreements" were "securities" established the law of the case and as such was binding on the trial court and is likewise binding on this court in the instant appeal. Code Ann. § 81A-160 (h); *Atlanta Cas. Co. v. Williams,* 139 Ga. App. 732 (229 SE2d 534) (1976).

However, appellants, in support of the instant appeal, cite *Dunwoody Country Club v. Fortson,* 243 Ga. 236 (253 SE2d 700) (1979). In that decision, the Supreme Court criticized the *approach* taken by this court in deciding *Blau,* stating that that approach did not "tally" with the actual approach used by the federal courts in determining whether an instrument was a "security" and that the *Blau* approach was not the correct way to proceed in deciding securities cases. The Supreme Court concluded that "the label placed on the instrument by the parties or by the courts does not determine whether the instrument is a security. Instead, the characteristics of the instrument and the underlying economic reality are the significant factors for a court to consider in classifying an instrument as a security." *Dunwoody Country Club v.*

*Fortson,* 243 Ga. at 238, supra. Though the approach used by this court in our previous *Blau* decision was thus criticized by the Supreme Court, no opinion was expressed as to the result reached in that decision. *Dunwoody Country Club,* 243 Ga. at 238, fn. 2, supra. On the basis of this criticism of *Blau,* appellants urge in the instant appeal that the grant of summary judgment to appellees should be reversed.

We are in sympathy with appellants' argument but find ourselves, through application of the law of the case rule, without the authority to reinvestigate the status of the instant "agreements" as "securities" in the context of this appeal. "Even if it were likely that this court would change its views so soon on the questions presented alike by the former and the present records, it has not the right or legal power to do so, so far as affects this case." *Washington Co. v. Holliman,* 10 Ga. App. 322 (73 SE 351) (1911). The *Blau* decision, whether right or wrong, being the law of the case, binds this court in the instant appeal. *Life & Casualty Ins. Co. v. Webb,* 115 Ga. App. 521 (154 SE2d 790) (1967); *Srochi v. Kamensky,* 121 Ga. App. 518, 519 (1) (174 SE2d 263) (1970). "While the holding in [*Blau*] on its previous appearance before this court may be reviewed and overruled in another case, as between these parties it must stand. [Cit.]" *Martell v. Atlanta Biltmore Hotel Corp.,* 120 Ga. App. 880, 882 (172 SE2d 842) (1969). See also *City of Atlanta v. Smith,* 165 Ga. 146 (140 SE 369) (1927). This result attaches even though the Supreme Court's subsequent decision in *Dunwoody Country Club* may demonstrate that our previous decision in *Blau* was "erroneous." *Southern Bell Tel. &c. Co. v. Glawson,* 140 Ga. 507 (79 SE 136) (1913); *Northwestern Mut. Life Ins. Co. v. Suttles,* 201 Ga. 84, 97 (38 SE2d 786) (1946).

Thus we are in the rather anomolous position of affirming this appeal on the basis of a prior decision of this court, the approach taken in which has been criticized by the Supreme Court. We are unable to re-evaluate the merits of appellants' arguments in light of the Supreme Court's enunciation in *Dunwoody Country Club* of the proper approach to be followed in securities cases because this court's prior application of the incorrect approach was made in the context of a previous appearance of the

instant case before us. In view of *Dunwoody Country Club,* a finding that "agreements" similar to those here in question are "securities" may never again be upheld by the appellate courts. However, in the instant appeal, the application of the law of the case rule mandates that the "agreements" are, conclusively, "securities." Even though we have neither the authority here to overrule the *approach* previously taken in deciding *Blau* nor to affirm or overrule the *result* reached in that decision by analyzing the characteristics of these agreements and the economic reality underlying them, in future cases the Supreme Court's approach in *Dunwoody Country Club* and not that applied in *Blau* will be followed. *Blau's* approach and the resulting decision finding the "agreements" to be "securities" is binding authority *only* in the instant appeal. It seems illogical and inconsistent with the objectives of appellate review that while this court can avoid perpetuation of its previous erroneous decisions by applying in different cases what it later perceives to be the true rule, it is powerless to correct its errors on a later appearance of the same case. However, the authority to cure this inadequacy lies not in the courts but in the General Assembly.

*Judgment affirmed. Deen, C. J., concurs. Shulman, J., concurs specially.*

SUBMITTED NOVEMBER 5, 1979 — DECIDED FEBRUARY 11, 1980.

*John H. Calhoun, Jr.,* for appellants.
*M. Nathan Blau, Saul Blau,* for appellees.

SHULMAN, Judge, concurring specially.

I agree with everything written by Judge Carley in his opinion; however, I feel constrained to comment that the Supreme Court in its criticism in *Dunwoody Country Club* would not overrule *Blau.* We are therefore faced with hindsight that provides no assistance to our present dilemma.