**62867, 62868. PAINE, WEBBER, JACKSON & CURTIS, INC. et al. v. McNEAL; and vice versa.**

CARLEY, Judge.

The instant interlocutory appeal is from a judgment of the trial court denying the motion for summary judgment of the defendant-appellants, Paine, Webber and Skone. The appellants' motion asserted that appellee-plaintiff's action was barred by res judicata and/or collateral estoppel as the result of a trial in federal court in which a verdict in favor of Paine, Webber, the appellant-employer in the instant case, was rendered. Skone, the instant appellant-employee, was not a party to the federal litigation. The federal case was based on an alleged violation of Sec. 10 (b) of the Securities and Exchange Act of 1934, 15 USCA 78J (b), and S.E.C. Rule 10b-5 (17 CFR Par. § 240.10b-5), which makes it unlawful, in connection with sales of securities, to use "any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors." McNeal's petition in federal court sought damages under federal securities laws from Paine, Webber, the defendant brokerage firm, alleging that Paine, Webber's account executive, Skone, engaged in a fraudulent scheme of buying and selling securities for McNeal's account for the purpose of generating commissions for himself, that Skone purposely concealed the true status of the account, and that such actions on the part of Skone constituted illicit "churning" activity. McNeal sought damages from Paine, Webber in the federal case in an amount equal to the invested funds lost by the alleged "churning" activity of Skone. McNeal v. Paine, Webber, Jackson & Curtis, Inc., 598 F2d 888 (5th Cir. 1979). As noted above, the federal action was decided in favor of Paine, Webber following a stipulation at trial that such "churning" on the part of Skone, if proved, would render Paine, Webber liable on the theory of respondeat superior.

At the same time the federal action was initiated, an action was filed in the State Court of Fulton County against both Paine, Webber and its agent Skone. Count 1 set out the same facts, the same loss, and

the same damages, as in the federal action and those damages were further alleged to be the result of Skone's continuing scheme to generate commissions for himself and Skone's false and misleading statements made in violation of his fiduciary duty to McNeal. Count II alleged the same facts, loss, and damages and charged that it resulted from Skone's negligence and breach of fiduciary duty.

1. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code § 110-501. A cause of action consists "not only of the right of the plaintiff but of the wrong of the defendant." *McCandless v. Inland Acid Co.,* 115 Ga. 968, 974 (1902). "A plaintiff 'is not at liberty to split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which relief is sought, and leave the rest to be presented in a second suit, if the first fail.' *Crawford v. Baker,* 86 Ga. App. 855, 859 (72 SE2d 790)." *Cooper v. Public Finance Corp.,* 146 Ga. App. 250, 252 (246 SE2d 684) (1978). Appellee-McNeal makes several contentions as to why the doctrine of res judicata should not apply in the present case.

(a) The question here is not whether a negligence action against the broker such as that asserted in the instant case would lie in the first instance in the federal court. See Ernst & Ernst v. Hochfelder, 425 U. S. 185 (96 SC 1375, 47 LE2d 668) (1976). The only question is whether under the federal court's pendant jurisdiction, such a negligence claim might there be cognizable in connection with the federal statutory action, an issue which is discussed below.

For res judicata to apply three requirements must be met: Both suits must relate to the identical transaction and the right asserted by the plaintiff and the wrong complained of must coincide. The issue becomes whether "the second suit [is] based on the same facts and on the same transaction [or] on the same contract, and involv[es] the same right and the same wrong, . . . merely set forth under a different theory of recovery [such as] can ordinarily be done by separate counts in one suit." *Spence v. Erwin,* 200 Ga. 672 (3) (38 SE2d 394) (1946). If so, the adjudication of the first case will be res judicata as to the second. In *Spence* it was held that the three requisites set out above were met and that res judicata attached, although one action was maintained on the theory that stock was pledged as security for a loan, while the second was grounded on the theory that the transaction was a sale. In the instant case the same transaction as in the federal action is involved and, likewise, the two cases have the same plaintiff, an identical defendant, Paine, Webber, and the same

amount of damages. The instant case and *Spence* therefore differ from Clark v. Watchie, 513 F2d 994 (9th Cir. 1975) where a partnership accounting, an entirely different right of action, was sought to be grafted onto a 10b-5 action. Likewise, in *Tootle v. Player,* 225 Ga. 431 (169 SE2d 340) (1969) there was no identity of action between a suit for damages for cutting timber and an equitable action for injunction to restrain trespasses occurring after the conclusion of the first case.

(b) The appellee further relies on lack of identity of parties to defeat the res judicata claim. The rule is that, although a master has privity with his servant and can claim the benefit of an adjudication in favor of the servant, a servant is not in privity with the master so as to profit from a prior adjudication in favor of the master. *Gilmer v. Porterfield,* 233 Ga. 671 (212 SE2d 842) (1975); *Hunter v. Embree,* 122 Ga. App. 576 (178 SE2d 221) (1970). In the instant case, as in *Gilmer,* the liability of Paine, Webber, the employer, under the theory respondeat superior was not contested in previous action. Applying the rationale of *Gilmer,* it is obvious that appellant-Skone, the employee, is unaffected by the prior judgment in favor of his employer Paine, Webber in the federal action, a case in which he was not a litigant. However appellant-Paine, Webber, having received a judgment in its favor on the merits is entitled to rely thereon as res judicata unless barred by some other rule of law.

2. In the final analysis we find that the pendant jurisdiction of federal courts is controlling on the issue of Paine, Webber's res judicata defense in the instant case. Pendant jurisdiction exists where, in addition to a federal claim, the plaintiff has against the same defendant a non-federal claim and the two claims constitute a single cause of action. Fullerton v. Monongahela Connecting R. Co., 242 FSupp. 622, 626 (D.C. Pa. 1965). The test is whether substantially the same evidence will prove both the federal and non-federal claims. See generally Wagner v. World Wide Auto. Corp., 201 FSupp. 22, 24 (D.C.N.Y. 1961). A claim of copyright infringement raising a substantial federal question supported the inclusion of a state action for unfair competition in Hurn v. Oursler, 289 U. S. 238 (53 SC 586, 77 LE 1148) (1932). Where there is a violation of the same legal right by a single legal wrong, pendant jurisdiction exists because the cause of action consists not of facts but of the unlawful violation which the facts show. Baltimore Steamship Co. v. Phillips, 274 U. S. 316, 321 (47 SC 600, 71 LE 1069) (1927). It is perfectly true that mere negligence does not constitute a violation of Rule 10b-5. Ernst & Ernst v. Hochfelder, 425 U. S. 986, supra. This does not mean that because a fraudulent device has been alleged in the federal 10b-5 action, a state action for negligence and breach of fiduciary duty seeking the same

damages and alleging the same wrong would be untenable. State causes of action for breach of state statutes, actions for common law breaches of fiduciary duty and the like are frequently allowed to be joined with 10b-5 actions in federal courts. See Errion v. Connell, 236 F2d 447 (9th Cir. 1956); Kohler v. Kohler Co., 208 FSupp. 808 (D. C. Wisc. 1962) affd., 319 F2d 634; Cochran v. Channing Corp., 211 FSupp. 239 (D. C. N. Y. 1962); Kane v. Central American Mining & Oil, Inc., 235 FSupp. 559 (D. C. N. Y. 1964).

Our Georgia cases have reached the same conclusion. Where the state claim could have been litigated in the federal court under that court's pendent jurisdiction, a subsequent action in the state court is barred. *Pope v. City of Atlanta,* 240 Ga. 177 (240 SE2d 241) (1977). In *Hill v. Wooten,* 247 Ga. 737 (279 SE2d 227) (1981), our Supreme Court, holding that both the state and federal actions derived from a common nucleus of operative facts, sustained a res judicata defense by Hill, a deputy sheriff, in a subsequent state action for assault. In *Hill,* the plaintiff in the state action had originally brought a civil rights action against Hill and others in federal court alleging the assault to be a violation of the Federal Civil Rights Act. Where the right of action for damages derives from the same transaction and only the legal theory of recovery differs, the courts of Georgia will acknowledge the federal doctrine of pendent jurisdiction and will give res judicata effect to a federal decision on the merits. Accordingly, we hold that McNeal's negligence and breach of fiduciary duty claims might have been litigated in the federal action and Code § 110-501 applies. The trial court erred in denying appellant-Paine, Webber's motion for summary judgment in Case No. 62867.

3. In Case No. 62868 McNeal enumerates as error that part of the trial court's order holding valid a clause in the broker-customer contract between himself and Paine, Webber agreeing to submit any controversy between them to arbitration. We agree with the trial court that the clause would be enforceable against the objections urged. The mere fact that the defense of res judicata, as discussed above, has resulted in the removal of Paine, Webber from the case does not however affect Skone's right to enforce the arbitration agreement. In the prior appearance of this case before us, *Paine, Webber &c. Inc. v. McNeal,* 143 Ga. App. 579, 582 (239 SE2d 401) (1977), it was held: "We are persuaded that the ends of justice are more nearly met by holding that Skone must be allowed to participate in the arbitration, should the trial court, on remand, grant the motion as to Paine, Webber." Upon remand the trial court correctly found that the arbitration agreement was valid and enforceable and, following the direction of this court, ruled that

Skone was entitled to participate. We believe that the primary basis for the previous mandate that Skone be allowed to participate in the arbitration was that "insofar as [the claim] sounded in tort, the defendants were joint tortfeasors and any action in regard to one inures to the benefit of the other . . . We are persuaded that the ends of justice are more nearly met by holding that Skone must be allowed to participate in the arbitration . . ." *Paine, Webber,* 143 Ga. App. at 582, supra. Thus, an adjudication in favor of Paine-Webber on other grounds would not affect this court's prior determination that the right to arbitration inures to Skone's benefit as a joint tortfeasor with Paine, Webber in connection with the underlying claim. This portion of the judgment of the trial court must be affirmed under the law of the case rule. Code Ann. § 81A-160 (h); *Redmond v. Blau,* 153 Ga. App. 395 (265 SE2d 329) (1980).

*Judgment in Case No. 62867 affirmed as to appellant-Skone, reversed as to appellant-Paine, Webber. Judgment in Case No. 62868 affirmed. Quillian C. J., McMurray, P. J., Shulman, P. J., Banke, Birdsong and Sognier, JJ., concur. Deen, P. J. and Pope, J., dissent.*

DECIDED MARCH 11, 1982 —
REHEARING DENIED MARCH 30, 1982 —

*Gary W. Hatch, Dom H. Wyant,* for appellants.
*Edward L. Savell,* for appellee.

DEEN, Presiding Judge, dissenting.

I must dissent from the third division of the majority opinion which holds that arbitration must proceed between Skone and McNeal because of a prior decision in *Paine, Webber &c. v. McNeal,* 143 Ga. App. 579, 582 (239 SE2d 401) (1977) under the law of the case rule. The prior decision did not so hold. The basic question there was whether in case of disagreement between Paine, Webber and McNeal, Paine, Webber had a right to insist the matter be arbitrated, or whether McNeal could sue Paine, Webber in the courts. The right of Paine, Webber to insist that the dispute be submitted to arbitration is based on a contract between Paine, Webber and McNeal in which those two parties agreed to arbitrate any disputes. This court held in the second division of that opinion that the Federal Arbitration Act is applicable in actions pending in Georgia courts, and that accordingly McNeal's action against Paine, Webber would not be *barred from arbitration on the ground that this would be against the policy of Georgia law.* This, and this only, was the narrow ground of the decision in that case.

The fourth division of the opinion deals with the appellants'

"right for any reason" argument, and holds: "While it is true that resolution of any of these issues [offered as sufficient reasons for denying the motion to compel arbitration] may have justified denial of appellant's motion, they were not resolved and the record provides this court with no basis for doing so. The trial judge based his order wholly on an incorrect theory of law. Since the order is reversed, the case will be remanded for consideration of those and any other issues properly raised."

The other fork of the decision in Paine, Webber on its first appearance and the ruling here denominated "law of the case" refers to an entirely separate portion of the order of the trial court on that appearance of the case, a statement of which commences the fifth division of that opinion: "The portion of the order stating that Skone would be excluded from arbitration even if Paine, Webber were entitled to it has been enumerated as error." As to this enumeration the Court of Appeals held: "We are persuaded that the ends of justice are more nearly met by holding that Skone *must be allowed to participate* in the arbitration, *should the trial court,* on remand, *grant the motion as to Paine, Webber.* In other words, if on reconsideration of the question (which this court did *not* decide) the trial court held that the case should be stayed in the courts and submitted to arbitration instead, then and in that event Skone also would be allowed to participate in the arbitration even though he was not a party to the contract between McNeal and Paine, Webber. In that contract, McNeal and Paine, Webber, and they alone, agreed that any disagreement between them be submitted to arbitration before allowing a suit in the courts.

In the first place, law of the case cannot apply because the trial court did *not* consider the issue as to whether arbitration should be granted for other reasons than the one considered on the first appearance of the case, a condition precedent to allowing Skone to participate. Secondly, the grant of summary judgment to Paine, Webber effectively removed that defendant from the case. Therefore the statement of this court (that Skone could *participate* in arbitration *if* the court in the last analysis should decide to stay proceedings and issue an order invoking arbitration between Paine, Webber and McNeal) did not require arbitration between Skone and McNeal. It required only that, if the court should ultimately require arbitration between Paine, Webber and McNeal, then Skone could participate in it. That contingency, also, never occurred. Therefore no law of the case exists for this court to invoke.

Lastly, in brief summary, this was an action brought by McNeal, a customer of the brokerage firm Paine, Webber against that firm and its broker, the co-defendant Skone. He· first brought an action in

Federal Court under a federal statute against the brokerage firm only, relying on establishing liability because of the fraud of its employee Skone. The trial resulted in a judgment in favor of Paine, Webber. McNeal v. Paine, Webber, Jackson & Curtis, Inc., 598 F2d 888. This action was then brought in the State Court of Fulton County against Paine, Webber and Skone jointly, based on the same course of events but not on the same statutory right of action. The majority opinion here correctly holds that the present common law action against Paine, Webber *could* have been joined with the statutory claim in the federal suit, and that accordingly summary judgment must be granted in favor of Paine, Webber under the federal doctrine of pendant jurisdiction.

None of this affects Skone, the allegedly defaulting employee. Skone *could not* have been and *was not* joined in the action in federal courts under the federal statute. The present action, now that Paine, Webber is out of the case, is against Skone as an individual for fraudulently and negligently doing the plaintiff out of a large sum of money. The brokerage firm, Paine, Webber, (who did sign an arbitration contract) is not now involved in this action — it lies solely between Skone as an individual broker and McNeal as an individual investor.

Skone never signed any agreement to arbitrate disputes. Paine, Webber, who did sign such an agreement, is out of the case. Skone is now being sued individually for his alleged individual wrongdoing. The case on its first appearance did not hold that Skone was bound by the arbitration agreement. What it held was that *if* Paine, Webber was forced to arbitrate, then Skone *might participate.* This eventuality never occurred.

Last of all, the decision written by Judge Shulman was both proper and an exercise in judicial economy, as it would have been unfortunate to require a corporation sued only on the theory of respondeat superior to arbitrate while prohibiting its employee who was the only alleged active tortfeasor from being a party to the arbitration. When the reason for the rule ceases, however, the rule also ceases. The present case is between the investor and his individual broker only, is based on common law negligence, and is not in any way affected by the contract between the investor and the corporation for the settlement of their financial differences.

In citing Code § 81A-160 (h) the majority opinion ignores that portion which says: "Provided, however, that any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be." Since the majority opinion presently holds that McNeal's action cannot

proceed against Paine, Webber, there is no way in which Skone can "participate" in an arbitration action between Paine, Webber and McNeal. Nothing to the contrary is held in the cited case of *Redmond v. Blau,* 153 Ga. App. 395 (265 SE2d 329) (1980). It was there held that this court had no authority to reinvestigate whether certain agreements were securities after a judgment concluding that they were such. There is a vast difference between changing one's views on a point of law and misapplying a point of law to a situation not comtemplated by it.

I respectfully dissent from the third division of the opinion and from the judgment in case no. 62868. I am authorized to state that Judge Pope concurs in this dissent.