453 So.2d 858 (1984)
MERRILL LYNCH, PIERCE, FENNER AND SMITH, INC., a Foreign Corporation Doing Business in the State of Florida, and Brian Sheen, Petitioners,
v.
Helen MELAMED, Respondent.
Nos. 83-2514, 83-2515.
District Court of Appeal of Florida, Fourth District.
July 13, 1984.
Rehearing Denied August 22, 1984.
*859 Bennett Falk and Patricia E. Cowart, of Ruden, Barnett, McClosky, Schuster & Russell, P.A., Miami, for petitioner Merrill Lynch, Pierce, Fenner and Smith, Inc.
H. Michael Easley of Easley, Massa & Willits, P.A., West Palm Beach, for petitioner Brian Sheen.
F. Kendall Slinkman, West Palm Beach, for respondent.
HURLEY, Judge.
Merrill Lynch Pierce Fenner & Smith, Inc. (Merrill Lynch) and its employee Brian Sheen petition this court for the third time to review a non-final order which denied a motion to compel arbitration.[1] We grant the writ and order arbitration.
*860 When this case was first before us, we held that the substantive portions of the Federal Arbitration Act[2] supercede inconsistent provisions of state law, such that arbitration agreements which are valid and enforceable under federal law must be recognized and enforced in Florida courts.[3] Thereafter, the United States Supreme Court announced the same rule in Southland Corp. v. Keating, ___ U.S. ___, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984). Also, subsequent to our decision in "Melamed I," the United States Supreme Court concluded that the Federal Arbitration Act creates a body of federal substantive law which is applicable in both state and federal court. Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).
On remand, the trial court entered a second order denying arbitration. We reviewed this decision in "Melamed II" and quashed the order because the trial court had not held an evidentiary hearing as required by section 682.03(1), Florida Statutes (1983).[4]
Pursuant to our mandate, the trial court held the requisite evidentiary hearing to determine whether there were disputed issues regarding the making of the agreement to arbitrate. It found no genuine issue as to the making of the agreement, but nevertheless entered a third order denying the motion to compel arbitration on ground that the statutory prerequisites for application of the Federal Arbitration Act were not established.[5] We respectfully disagree.

THE SHEEN CLAIM
In May, 1980, the respondent, Helen Melamed, placed cash and securities with Merrill Lynch to be maintained in a cash management account. She opened the account through Brian Sheen, an account executive employed by Merrill Lynch. At that time she signed a contract which provided that "any controversy between us arising out of your business on this agreement shall be submitted to arbitration... ." The trial court was of the view that Sheen was not entitled to arbitration because he was not a signatory to the contract.
We reverse that ruling because we find that the language of the contract is broad enough to include persons within the respondeat superior doctrine. See Vic Potamkin Chevrolet, Inc. v. Bloom, 386 So.2d 286 (Fla. 3d DCA 1980); see also Paine, Webber, Jackson & Curtis, Inc. v. McNeal, 143 Ga. App. 579, 239 S.E.2d 401 (1977), aff'd, 161 Ga. App. 835, 288 S.E.2d 761, aff'd in part and rev'd in part, 249 Ga. 662, 293 S.E.2d 331 (1982); Berman v. Dean Witter & Co., 44 Cal. App.3d 999, 119 Cal. Rptr. 130 (Ct.App. 1975).

*861 THE FRAUD AND PUNITIVE DAMAGES CLAIMS
We further hold that the fraud claims are subject to arbitration, see Prima Paint Co. v. Flood & Conklin, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967); Blumberg v. Berland, 678 F.2d 1068 (11th Cir.1982); Post Tensioned Engineering Corp. v. Fairways Plaza Associates, 412 So.2d 871 (Fla. 3d DCA 1982), as are the claims for punitive damages. Cf. Sabates v. International Medical Centers, Inc., 450 So.2d 514 (Fla. 3d DCA 1984) (holding claim under civil theft statute to be proper subject of arbitration, even though criminal violation is at its core and treble damages are available for violation thereof).
The factors cited by the trial court, ante, n. 5, are not sufficient to overcome the parties' agreement to arbitrate on those claims, particularly in view of the United States Supreme Court's recent holding that any doubts concerning the scope of arbitrable issues under the Federal Arbitration Act are to be resolved in favor of arbitration "whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or like defense to arbitrability." Moses N. Cone Memorial Hospital, supra, 103 S.Ct. at 941-42. Cf. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Westwind Transportation, Inc., 442 So.2d 414 (Fla. 2d DCA 1983).

THE EFFECT OF THE FEDERAL

SECURITIES ACT CLAIM
A claim under § 12(2) of the Securities Act of 1933, 15 U.S.C. § 77 l (1976) is presently pending in this suit. Merrill Lynch concedes the non-arbitrability of that claim,[6] but argues that its pendency is no bar to arbitration on the other counts. We agree, and order that the federal claim be stayed pending the outcome of arbitration on the other claims. We order the stay because it appears that the federal claim is factually, although not legally, dependent on Melamed's common law claim.[7]Cf. Sibley v. Tandy Corp., 543 F.2d 540 (5th Cir.1976), cert. denied, 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82 (1977); Sabates v. International Medical Centers, Inc., supra, 450 So.2d at 516.

APPLICABILITY OF THE FEDERAL ARBITRATION ACT
The trial court clearly departed from essential requirements of law in concluding that Merrill Lynch failed to show that the arbitration agreement evidences a transaction involving commerce for purposes of the Federal Arbitration Act, 9 U.S.C. § 2 (1976). Melamed has previously conceded in oral argument before this court that the contract involves interstate commerce within the meaning of the federal act. Moreover, we note that Melamed placed securities listed on a national stock exchange with Merrill Lynch, and has pled a claim against it under the federal securities law which is applicable only to transactions involving interstate commerce. Against this background, the applicability of the Federal Arbitration Act to this case cannot seriously be questioned.

WAIVER OF THE FLORIDA SECURITIES ACT CLAIM
As an initial matter, we observe that arbitration agreements are binding and enforceable as to claims arising under *862 the Florida Securities Law. See Raymond James & Associates, Inc. v. Maves, 384 So.2d 716 (Fla. 2d DCA 1980). But see Young v. Oppenheimer & Co., 434 So.2d 369 (Fla. 3d DCA 1983). We so conclude despite an express provision preserving the right to bring an action in court contained in the Florida Securities Act, section 517.241(2), Florida Statutes (1983), because we find that provision to be in conflict with § 2 of the Federal Arbitration Act and therefore invalid under the Supremacy Clause of the federal constitution. See Southland Corp. v. Keating, supra.
Keating involved a suit between the owner/franchisor of 7-Eleven convenience stores, and several 7-Eleven franchisees. The contract between the parties contained a clause requiring arbitration of any controversy or claim arising out of or relating to the agreement or breach thereof. The franchisees sued the franchisor alleging, inter alia, violations of the California Franchise Investment Law, and the franchisor moved to compel arbitration of the claims pursuant to the contract. The California Supreme Court held that the claims asserted under the Franchise Investment Law were not arbitrable, interpreting section 31512 of the law  which renders void any provision purporting to bind a franchisee to waive compliance with any provision of the Law  to require judicial consideration of claims brought under the statute. The Supreme Court reversed, finding section 31512 of the California Statute to be in direct conflict with § 2 of the Federal Arbitration Act. In holding that section 31512 is invalid under the Supremacy Clause, the Court observed that "Congress intended to foreclose state legislative attempts to undercut the enforceability of arbitration agreements" by passage of the federal arbitration act." Id. at 861.
Thus, under the authority of Keating, we hold that section 517.241(2), Florida Statutes (1983) is constitutionally infirm. See also Kroog v. Mait, 712 F.2d 1148 (7th Cir.1983), cert. denied, ___ U.S. ___, 104 S.Ct. 1001, 79 L.Ed.2d 233 (1984).
There is, however, some question as to whether waiver has occurred because of Merrill Lynch's failure to promptly assert its intention to seek arbitration of the Chapter 517 claims. Merrill Lynch acknowledges that its initial Motion to Compel Arbitration stated that arbitration was not sought as to the Chapter 517 claim. However, at a hearing held less than a month after the filing of the Complaint, counsel for Merrill Lynch argued to the trial court that what purported to be a Chapter 517 count was really a claim under the Securities Exchange Act of 1934, but further maintained that if the court upheld the viability of the Chapter 517 claim, it should be submitted to arbitration.[8]
Moreover, in its Answer to Melamed's Second Amended Complaint, Merrill Lynch raised arbitration as an affirmative defense without specifying the counts to which it referred. Melamed obviously was aware of Merrill Lynch's altered position, as evidenced by its memorandum of law in opposition to the defendants' second motion to compel arbitration, wherein it stated "It now appears that the Defendant has changed its position and seeks arbitration with reference to all pending counts of the Amended Complaint."
Viewing these facts in light of the Supreme Court's recent admonition in Moses H. Cone Memorial Hospital, supra, that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay or a like defense to arbitrability," 103 S.Ct. at 941-42, we conclude that the trial court departed from the essential requirements *863 of law by finding waiver of Merrill Lynch's right to arbitrate the Chapter 517 claim.
Mere delay in assertion of one's right to arbitrate does not constitute waiver unless the delay has given the party seeking arbitration an undue advantage or has resulted in prejudice to another. See Graham Contracting, Inc. v. Flagler County, 444 So.2d 971 (Fla. 5th DCA 1983); cf. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Westwind Transportation, 442 So.2d 414 (Fla. 2d DCA 1983). As there are no allegations of undue advantage or prejudice in this case, we conclude that the trial court erred in finding waiver of petitioners' entitlement to arbitration on the Florida Securities Law count. See Moses H. Cone Memorial Hospital, supra.
Accordingly, we grant the petition for Writ of Certiorari, quash the decision below, and remand with directions to enter an order compelling arbitration on all claims except the federal securities law count.
LETTS and BERANEK, JJ., concur.
NOTES
[1] The trial court presciently noted "that, like Jaws III and Rocky III, this case is destined to result in Melamed III." We earnestly hope that today's decision will forestall the production of "Melamed IV."
[2] 9 U.S.C. §§ 1 to 14 (1976).
[3] Merrill Lynch Pierce Fenner & Smith, Inc. v. Melamed, 405 So.2d 790 (Fla. 4th DCA 1981) ("Melamed I").
[4] Merrill Lynch Pierce Fenner & Smith, Inc. v. Melamed, 425 So.2d 127 (Fla. 4th DCA 1982) ("Melamed II").
[5] The trial court made the following findings of fact and conclusions of law: (1) the claim against Brian Sheen is not arbitrable because he was not a party to the contract between Merrill Lynch and Melamed; (2) the claims for fraud and punitive damages should not be referred to arbitration under the federal act because (i) the issues and proceedings are complex and involve a third party (Sheen) not subject to arbitration; (ii) the court has already assumed jurisdiction in a substantial sense, and (iii) there have been acts of waiver and estoppel by Merrill Lynch on some of the issues; (3) the claim under the federal securities law is not arbitrable; (4) Merrill Lynch has not demonstrated that the agreement is evidence of a transaction involving interstate commerce; (5) Merrill Lynch has conceded that the claim under the state securities law (Chapter 517) is nonarbitrable, and therefore is deemed to have waived any right it may have had to arbitrate it; (6) Merrill Lynch has waived arbitration as to any claim by delaying its presentation of pertinent case citations to the court until after the resolution of two appeals, which actions are "contrary to the spirit and letter of the arbitration law" that is designed to promote speedy and effective disposition of disputes.
[6] In Wilko v. Swan, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), the Supreme Court held that the provision of the federal securities act prohibiting arbitration controls over the more general Federal Arbitration Act, such that arbitration agreements are nonbinding as to claims under the federal securities act.
[7] The common law fraud claim and the § 12(2) claim are factually dependent in the sense that if the arbitrators find that Mr. Sheen did not make any misstatement of fact or misleading omission in his transaction with Ms. Melamed, then he would not be liable for common law fraud or a § 12(2) violation. On the other hand, the fraud and § 12(2) claims are not legally dependent. Mr. Sheen and Merrill Lynch could be absolved of fraud liability in arbitration and yet still be found liable under § 12(2) for negligence (assuming that the arbitrators find that Mr. Sheen made a false statement or misleading omission).
[8] The following colloquy between counsel for Merrill Lynch and the trial court occurred:

MR. FALK: If the Court were to determine that the Federal Securities counts existed, then the Court would be without jurisdiction to hear those counts.
COURT: Right.
MR. FALK: If the Court determined that the Florida Securities count existed, that would be submitted to arbitration under the Federal Arbitration Act.