## deWINDT v SHEARSON LEHMAN HUTTON, INC.
### Case No. 89-1095 CA
Nineteenth Judicial Circuit, Martin County

March 13, 1990

### APPEARANCES OF COUNSEL
**Charles Steinberg, Esquire,** for plaintiff.
**N. James Turner, Esquire,** for defendant.

### OPINION OF THE COURT

JOHN E. FENNELLY, Circuit Judge.

*ORDER ON DEFENDANT SHEARSON LEHMAN HUTTON,*
*INC.'s MOTION TO COMPEL ARBITRATION*

THIS MATTER came on for hearing pursuant to Defendant Shearson Lehman Hutton, Inc. Motion to Compel Arbitration. This case, in essence, arose from the Plaintiff's employment with the Defendant and its predecessor E. F. Hutton & Company, Inc. The Plaintiff alleges in his complaint (1) That he was a duly *licensed* account executive since

1975 (2) That he was employed as a co-manager of Defendant's predecessor at its Stuart Office at the time Hutton was acquired by the Defendant (3) That Hutton and the Defendant entered into an employment agreement with the Plaintiff. The complaint further alleges in Counts II and III a breach of the agreement by the Defendant. Count III alleges a State Common Law cause of action for defamation that also arose out of the Plaintiff's employment relation with the Defendant. The Court must, of course, for purposes of this Motion accept those properly pled facts as true.

Shearson Lehman Hutton has filed its Motion and incorporated thereto the executed U/4 form entitled "Uniform application for securities and commodities industry representative or agent" bearing the Plaintiff's signature. The authenticity of this form dated 11/19/75 and between Plaintiff and Defendant's predecessor is not disputed. By the explicit terms of this U/4 the Plaintiff agreed to "Abide by the statute(s), constitution(s), rules and by laws as any of the foregoing are amended from time to time of the agency, jurisdiction, or organization with or to which I am filing or submitting this application." The application in question was directed to the New York Stock Exchange. Rule 347 of the New York Stock Exchange provides in relevant part "*ANY* controversy between a registered representative and any member organization arising out of the employment or termination of employment of such registered representative by and with such member or member organization shall be settled by arbitration." It is not disputed that the Defendant has seasonably moved to enforce both the U/4 and the relevant provision of the New York Stock Exchange Rules.

Plaintiff contends that arbitration is inappropriate because the uniform application was not between the parties to this suit but rather between the Plaintiff and the Defendant's predecessor before merger. This case is controlled by Sec 3 9USC commonly known as the Federal Arbitration Act and the construction placed on the Statute by the Federal Courts. As was noted by Jury Hurley in *Merrill Lynch v Melameo,* 453 So.2d 858 (Fla. 4th DCA 1984). "Substantive portions of the Federal Arbitration Act supercede inconsistent provisions of State Law . . . such that the Federal Arbitration Act creates a body of federal substantive law that is applicable in both State and Federal Courts."

Federal Courts construing this act have uniformly held that "Federal policy strongly favors arbitration and any doubts concerning the scope of arbitration should be resolved in favor of coverage," *Goldberg v*

*Donaldson,* 650 F.Supp. 222 (N.D. Ga. 1986). Federal Courts have also uniformly construed provisions such as the one before the Court as "A contract between the members . . . which is binding upon both [parties] *Coeren v Pressprich,* 453 F.2d 1209 (1972)." As was noted in *Muh v Newberger,* 540 F.2d 970 (1976). "The controversy flows from and is predicated upon the business relationship between the parties." That is exactly the situation that is before the Court in the instant matter. (see also *Fox v Merrill Lynch,* 453 F. Supp. (S.D. New York 1978).

Plaintiff further objects to arbitration because of the pendency of the Common Law Defamation Claim. In the Court's view the 2nd District case of *Kaisner v Kolb* is dispositive of that issue (509 So.2d 1213 (Fla. 2d DCA 1987)). Judge Campell, citing *Melameo* previously noted, writing for the majority noted "actions in tort are proper subjects for arbitration." *(Kaisner* at 1213).

Based on the foregoing analysis and authorities the Court is compelled to grant Defendant's Motion to Compel Arbitration. It is so ordered.

DONE AND ORDERED in Chambers, Stuart, Martin County, Florida, this 13th day of March, 1990.